[Cite as *Haley v. Nomad Preservation, Inc.*, 2012-Ohio-4385.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STEPHEN T. HALEY

    Appellant

    v.

NOMAD PRESERVATION, INC., et al.

    Appellees

C.A. No.    26220

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV 2010-07-4748

DECISION AND JOURNAL ENTRY

Dated: September 26, 2012

CARR, Presiding Judge.

{¶1} Appellant Stephen Haley appeals the judgment of the Summit County Court of Common Pleas. This Court reverses.

I.

{¶2} Mr. Haley filed a complaint against Nomad Preservation, Inc. and seven named individuals, alleging thirteen claims arising out of business deals Mr. Haley had with Nomad. He further moved for an order of attachment of certain motor vehicles held by the defendants. The trial court granted the motion for attachment. While the case was pending, Mr. Haley filed a notice of dismissal of six of the seven individual defendants, maintaining his claims against only Nomad and Hussein El-Haje. Mr. Haley later filed a notice of settlement with Mr. El-Haje. Subsequently, non-party Hussein Ayache filed a motion for return of property relevant to one of the motor vehicles (2007 Hummer) identified in the order of attachment. While that motion was

pending, the trial court entered judgment on October 29, 2010, in favor of Mr. Haley on his remaining claims against Nomad in the amount of $1,311,443.88, plus interest.

{¶3}   Mr. Haley moved for an order to void all transfers concerning the 2007 Hummer and to transfer the truck to him as the judgment creditor. The trial court scheduled a hearing on matters concerning this vehicle and ordered Mr. Haley not to transfer, sell, or otherwise encumber the Hummer. Mr. Haley subsequently filed a notice that the issue of whether the truck's transfer to Mr. Ayache was a bona fide transfer was pending in another case before another judge in the Summit County Court of Common Pleas. On January 14, 2011, the trial court issued an order directing Mr. Haley to return the 2007 Hummer to Mr. Ayache; post bond in the amount of $32,000.00, which represented the fair market value of the truck; and pay all costs associated with the return of the truck to Mr. Ayache. The trial court further ordered Nomad and Mr. El-Haje to cooperate and assist in the return of the truck to Mr. Ayache.

{¶4}   The matters relevant to the instant appeal are as follows. Mr. Ayache filed a motion for contempt against Mr. Haley, alleging that Mr. Haley had neither posted bond nor returned the truck to him. Mr. El-Haje filed a motion to vacate the October 29, 2010 judgment, although no judgment had been rendered against him. He also moved to vacate a September 30, 2010 default judgment against him although he admitted that no such judgment could be found on the docket. Mr. Haley filed a motion to vacate the January 14, 2011 judgment that directed him to post a bond and return the 2007 Hummer to Mr. Ayache. The trial court subsequently assigned the case to a magistrate regarding the pending motions.

{¶5}   The magistrate issued a decision which bears a time-stamp date of September 21, 2011. The decision contained the required notice pursuant to Civ.R. 53(D)(3)(b)(i) that a party must file written objections within fourteen days of the filing of the decision. The decision

further directed the clerk of courts to serve notice of the decision and its date of entry upon the journal. The clerk of courts sent a notice to Mr. Haley, indicating that the magistrate's decision had been filed on September 22, 2011. Mr. Haley filed written objections to the magistrate's decision on October 6, 2011, fourteen days after the clerk asserted the decision had been filed, but fifteen days after the date of the time-stamp on the decision. The trial court refused to consider Mr. Haley's objections because it found that they had not been timely filed. The trial court merely reviewed the magistrate's decision for errors on its face. Mr. Haley appealed, raising five assignments of error.

II.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT ERR[]ED AS A MATTER OF LAW BY REFUSING TO CONSIDER PLAINTIFF-APPELLANT'S OBJECTIONS TO THE MAGISTRATE[']S DECISION BY HOLDING THAT APPELLANT FILED THE OBJECTIONS OUTSIDE THE FOURTEEN (14) DAY PERIOD PROVIDED BY RULE TO OBJECT WHEN IN FACT THE CLERK OF COURTS SERVED NOTICE UPON APPELLANT THAT THE MAGISTRATE'S DECISION WAS FILED ON [SEPTEMBER] 22, 2011 AND APPELLANT FILED HIS OBJECTIONS ON THE FOURTEENTH DAY AFTER THE STATED DAY THE ORDER[] WAS FILED AS FOUND WITHIN THE CLERK OF COURT'S NOTICE.

{¶6} As a preliminary matter, this Court notes that neither appellee (Mr. El-Haje and Mr. Ayache) filed an appellee's brief. Accordingly, this Court may accept Mr. Haley's statement of the facts and issues as correct and reverse the judgment if Mr. Haley's brief reasonably appears to sustain such action. App.R. 18(C); *see also Akron v. Carter*, 9th Dist. No. 22444, 2005-Ohio-4362, ¶ 3.

{¶7} Mr. Haley argues that the trial court erred by refusing to consider his objections because he had in fact timely filed them. This Court agrees.

{¶8} Civ.R. 53(D)(3)(b)(i) allows a party to file objections to a magistrate's decision "within fourteen days of the filing of the decision[.]" Civ.R. 53(D)(3)(a)(iii) addresses the form of the decision and sets out filing and service requirements for decisions: "A magistrate's decision shall be in writing, identified as a magistrate's decision in the caption, signed by the magistrate, filed with the clerk, and served by the clerk on all parties or their attorneys no later than three days after the decision is filed."

{¶9} The magistrate's decision bears a time-stamp date of September 21, 2011. The time-stamp evidences the date of filing and raises a presumption that the document was filed on that date. *See Akron v. Bilder*, 9th Dist. No. 14505, 1990 WL 121099 (Aug. 22, 1990). The presumption may be refuted, however, by evidence that the clerk filed the document on a different date. *Rhoades v. Harris*, 135 Ohio App.3d 555, 557 (1st Dist.1999). In this case, the record contains evidence to rebut the presumption. The clerk of courts' own notice of filing, which the clerk sent to all eight parties ever involved in this case, clearly stated that the magistrate's decision was "filed" on September 22, 2011. Mr. Haley was entitled to rely on the clerk's assertion regarding the date of filing, as the clerk of courts is the entity charged with the duty of filing, storing, and preserving the record in each case. Presumably, the clerk, better than anyone else, is in the position to know when a document has been filed.

{¶10} Mr. Haley filed his objections to the magistrate's decision on October 6, 2011, within fourteen days of the date the decision was filed. Accordingly, the trial court erred by refusing to consider his objections as untimely. Mr. Haley's first assignment of error is sustained.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ERR[]ED AS A MATTER OF LAW BY CONSIDERING DEFENDANT HUSSEIN EL-HAJE'S MOTION TO VACATE JUDGMENT AGAINST HIM BY HOLDING AN EVIDENTIARY HEARING ON THE MOTION AND THEN MAKING CERTAIN FACTUAL DETERMINATIONS AT A[N] EVIDENTIARY HEARING WHEN THE COURT HAD PR[E]VIOUSLY STATED EXPLICITLY IN IT[]S JUDGMENT ENTRY FILED OCTOBER 29, 2010 THAT NO JUDGMENT HAD BEEN RENDERED AGAINST EL-HAJE THAT COULD BE VACATED AS EL-HAJE HAD BEEN DISMISSED PURSUANT TO A SETTLEMENT AGREEMENT FILED BY THE COURT ON OCTOBER 29, 2010.

## ASSIGNMENT OF ERROR III

THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING APPELLANT'S MOTION TO VACATE THE ORDER-JUDGMENT PURSUANT TO CIV.R. 60(B) ENTERED AGAINST PLAINTIFF-APPELLANT ON JANUARY 14, 2011 WHEN IT FAILED TO CONSIDER THE NEWLY DISCOVERED EVIDENCE WHICH BY DUE DILIGENCE COULD NOT HAVE BEEN DISCOVERED IN TIME TO MOVE FOR A NEW TRIAL.

## ASSIGNMENT OF ERROR IV

THE TRIAL COURT ERR[]ED AS A MATTER OF LAW, DENYING PLAINTIFF-APPELLANT BOTH PROCEDURAL AND SUBSTANTIVE DUE PROCESS OF LAW BY ISSUING A JUDGMENT AGAINST PLAINTIFF-APPELLANT IN THE AMOUNT OF $32,000.00 BY FAILING TO REQUIRE THE INITIATION OF A CIVIL ACTION PURSUANT TO CIV.R. 3(A); IN FAILING TO REQUIRE THE COMMENC[E]MENT OF AN INTERPLEADER COMPLAINT PURSUANT TO CIV.R. 22 CONCERNING THE CONFLICTING CLAIMS FOR THE 2007 HUMMER; BY IMPROPERLY PROVIDING A NON-PARTY LEGAL ADVICE TO FILE A MOTION IN A PROCEEDING BEFORE THE COURT; BY FAILING TO DEFER JURISDICTION TO A CASE WHERE THE NON-PARTY WAS B[E]FORE THE SUMMIT COUNTY COURT OF COMMON PLEAS ON THE SAME ISSUE; BY FAILING TO DETERMINE LIABILITY OF PLAINTIFF-APPELLANT TO NON-PARTY HUSSEIN AYACHE IN ACCORDANCE WITH THE OHIO CONSTITUTION, OHIO LAWS AND THE OHIO RULES OF COURT.

## ASSIGNMENT OF ERROR V

THE TRIAL COURT ERR[]ED AS A MATTER OF LAW, DENYING PLAINTIFF-APPELLANT BOTH PROCEDURAL AND SUBSTANTIVE DUE PROCESS OF LAW BY COMPEL[L]ING PLAINTIFF-APPELLANT TO DO

THE IMPOSSIBLE, RETURNING A VEHICLE NEVER IN HIS POSSESSION OR CONTROL AND THEN TO PAY $32,000 IF THE VEHICLE WAS NOT RETURNED AND THEN FINDING PLAINTIFF-APPELLANT IN CONTEMPT FOR WILLFUL FAILURE TO OBEY THE COURT'S ORDER.

**{¶11}** Mr. Haley reiterates the arguments he made in his objections to the magistrate's decision. Our resolution of the first assignment of error renders his remaining assignments of error moot and we decline to address them. *See* App.R. 12(A)(1)(c).

## III.

**{¶12}** Mr. Haley's first assignment of error is sustained. We decline to address the remaining assignments of error. The judgment of the Summit County Court of Common Pleas is reversed and the cause remanded for further proceedings consistent with this opinion.

Judgment reversed,
and cause remanded.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellees.

DONNA J. CARR
FOR THE COURT

DICKINSON, J.
BELFANCE, J.
CONCUR.

APPEARANCES:

STEPHEN T. HALEY, pro se, Appellant.

THOMAS PIGOTT, Attorney at Law, for Appellee.

HUSSEIN AYACHE, pro se, Appellee.