[Cite as *Beasley v. Fischer's Foreign Cars, Inc.*, 2014-Ohio-678.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

RICHARD B. BEASLEY

    Appellant

    v.

FISCHER'S FOREIGN CARS INC.

    Appellee

C.A. No.     26798

APPEAL FROM JUDGMENT
ENTERED IN THE
STOW MUNICIPAL COURT
COUNTY OF SUMMIT, OHIO
CASE No.     2012 CVI 3399

DECISION AND JOURNAL ENTRY

Dated: February 26, 2014

---

MOORE, Presiding Judge.

{¶1} Plaintiff, Richard B. Beasley, appeals from the judgment of the Stow Municipal Court. This Court reverses and remands this matter for further proceedings consistent with this opinion.

I.

{¶2} On October 25, 2012, Mr. Beasley filed a complaint against Fischer's Foreign Cars, Inc. ("Fischer's") alleging that Fischer's had taken possession of Mr. Beasley's jaguar to make repairs. After paying the balance of the repair bill, Mr. Beasley alleged that he learned that Fischer's had used defective parts in repairing the car. Mr. Beasley maintained that Fischer's had refunded him a portion of the repair bill, but not the entirety of what was due to him. Mr. Beasley sought damages in the amount of $708.17.

{¶3} On December 13, 2012, a magistrate's decision was filed, in which the magistrate found in favor of Mr. Beasley and awarded him damages in the amount of $274.12 plus interest

at a rate of 3% per annum from the date of the decision.[1]  Thereafter, Mr. Beasley sent a letter to the magistrate, which is date-stamped December 27, 2012, in which he disputed the calculation of damages, and he questioned why interest accrued from the date of the decision instead of the date of his injury.

{¶4}    On January 14, 2013, the trial court entered an order in which it determined:

More than 14 days have passed since the [d]ecision of the [m]agistrate was filed and no party filed objections to the decision.

Accordingly, the [m]agistrate's [d]ecision is adopted and approved.

Based upon the evidence and testimony given at hearing held November 28, 2012, it is Ordered that judgment be awarded in [Mr. Beasley]'s favor in the amount of $274.12 plus interest at a rate of 3% per annum from December 12, 2012.  Costs to be paid by [Fischer's].

* * *

{¶5}    Mr. Beasley timely appealed from the judgment of the trial court, and he now presents one assignment of error for our review.

II.

### ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED BY NOT AWARDING MR.[ ]BEASLEY THE ACTUAL DAMAGES OF HIS INJURY.  [THE MAGISTRATE] DECLARES THAT MR. BEASLEY HAS, "PROVED THE ALLEGATIONS OF THE COMPLAINT BY A PREPONDERANCE OF THE EVIDENCE."  OHIO LAW PROVIDES INJURED PARTIES BE COMPENSATED WITH THEIR ACTUAL DAMAGES, WHEN THE INJURED ARE SUBJECTED TO UNFAIR AND DECEPTIVE ACTS.  FISCHER'S[ ]ADMITTED THEIR ERROR, BY HONORING THEIR FULL WARRANTY, BUT ATTEMPTED TO COMPENSATE MR. BEASLEY WITH AN INCORRECT AMOUNT, WHICH WAS DUPLICATED BY THE COURT'S MAGISTRATE.

---

[1] The magistrate signed the decision on December 12, 2012.  However, the date-stamp and service date reflect the date of December 13, 2012.  "The time-stamp evidences the date of filing and raises a presumption that the document was filed on that date."  *Haley v. Nomad Preservation, Inc.*, 9th Dist. Summit No. 26220, 2012-Ohio-4385, ¶ 9.

IN ADDITION, THE START DATE FROM WHICH THE INTEREST WAS AWARDED IN THIS CASE DOES NOT REFLECT THE DATE THE INFRACTION OCCURRED, AS PROVED AND VALIDATED BY THE MAGISTRATE'S DECISION.

{¶6} In his sole assignment of error, Mr. Beasley argues that the trial court erred in its calculation of his damages and in awarding interest as of the date the magistrate signed her decision instead of the date of injury.

{¶7} This matter was resolved through the trial court's adoption of a magistrate's decision, which the trial court seems to indicate that it adopted on the sole basis that no party had filed objections. Civ.R. 53(D)(3)(b)(i) provides that "[a] party may file written objections to a magistrate's decision within fourteen days of the filing of the [magistrate's] decision * * *." Civil Rule 53(D)(4)(c) provides that, if no written objections are filed, the trial court may adopt the magistrate's decision absent error of law or other defect on the face of the decision.

{¶8} Here, we read Mr. Beasley's letter as clearly disputing the magistrate's decision, and we conclude that it constitutes "written objections" for the purposes of Civ.R. 53(D)(3)(b)(i). *See Simco Management Property Corp. v. Snyder*, 7th Dist. Mahoning No. 98 CA 210, 2000 WL 309396, *1 (Mar. 20, 2000) (noting that a letter to a trial court from pro se litigant could be construed as an objection to a magistrate's decision). Therefore, contrary to the sole rationale for adopting the magistrate's decision set forth in the trial court's order, the record demonstrates that objections to the magistrate's decision were filed. As the trial court relied upon an incorrect premise as its only basis for adopting the decision, we conclude that the trial court erred in this respect, and we sustain Mr. Beasley's assignment of error on this basis. Accordingly, we do not reach the substantive issues Mr. Beasley has presented in his assignment of error, but rather we remand for the trial court to consider the timely filed objections in the first instance.

III.

**{¶9}** Mr. Beasley's assignment of error is sustained. The judgment of the trial court is reversed, and this matter is remanded for further proceedings consistent with this opinion.

Judgment reversed,<br>
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Stow Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

CARLA MOORE
FOR THE COURT

WHITMORE, J.
CARR, J.
CONCUR.

APPEARANCES:

RICHARD B. BEASLEY, pro se, Appellant.

FISCHER'S FOREIGN CARS, Appellee.