[Cite as *Lakemore v. Schell*, 2019-Ohio-5097.]

STATE OF OHIO      )                IN THE COURT OF APPEALS
                  )ss:         NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT   )

VILLAGE OF LAKEMORE            C.A. No.     29075

     Appellee

     v.                             APPEAL FROM JUDGMENT
                                   ENTERED IN THE
ERIC A. SCHELL               COURT OF COMMON PLEAS
                                   COUNTY OF SUMMIT, OHIO
     Appellant             CASE No.    CV-2012-05-2561

DECISION AND JOURNAL ENTRY

Dated: December 11, 2019

---

CARR, Presiding Judge.

{¶1} Appellant, Eric Schell, appeals the judgment of the Summit County Court of Common Pleas. This Court affirms.

I.

{¶2} In 2012, the Village of Lakemore filed a complaint against Schell alleging violations of the Village's zoning ordinances and seeking to enjoin Schell from completing the construction of a garage on his property. Schell filed an answer denying the allegations in the complaint and asserting multiple affirmative defenses.

{¶3} On July 24, 2013, the trial court issued a journal entry indicating that the parties had reached a settlement agreement. The trial court specified that the terms of the settlement agreement had been read into the record at a settlement hearing. Pursuant to the agreement, Schell would be permitted to construct a 500 square foot garage on his property as long as he filed a proper application for a zoning permit with the Village. Once he obtained a permit,

Schell was required to make continual and reasonable progress toward constructing the garage within one year. If Schell failed to make continual and reasonable progress during that period, he would be required to remove from his property the portion of the garage that had already been constructed. The parties further agreed that the complaint would be dismissed with prejudice and that Schell would dismiss an administrative appeal that he had filed against the Village. In its journal entry, the trial court stated that it would retain continuing jurisdiction only as necessary to enforce the terms of the settlement agreement.

{¶4} Roughly four years later, the Village filed a motion to show cause as to why Schell should not be held in contempt for violating the terms of the settlement agreement. Specifically, the Village alleged that Schell had not made reasonable progress toward constructing the building and that he had "refused to remove the structure despite the fact that well over one year ha[d] passed."

{¶5} The matter proceeded to a hearing before a magistrate where both parties presented evidence. The magistrate subsequently issued a decision finding Schell in indirect civil contempt for failing to abide by the terms of the settlement agreement. The magistrate set forth a number of purge conditions. The magistrate found that while there had been a delay in ruling on Schell's application for a permit on the part of the Village, the delay did not constitute a material breach of the settlement agreement. The magistrate further found that once the permit was issued, Schell failed to take any reasonable steps toward completing the garage and thus violated the terms of the settlement. Both Schell and the Village filed objections to the magistrate's decision. On May 21, 2018, the trial court issued an order independently adopting the magistrate's decision. The trial court discussed the parties' objections but noted that it considered the magistrate's decision as though no objections were filed because the parties had

failed to comply with a number of filing deadlines. In adopting the magistrate's decision, the trial court made several modifications to the purge conditions.

{¶6} On appeal, Schell raises one assignment of error.

II.

## ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN DETERMINING THAT MR. SCHELL'S OBJECTIONS TO THE MAGISTRATE'S DECISION WERE NOT TIMELY FILED.

{¶7} In his sole assignment of error, Schell contends that the trial court erred in determining that his objections were untimely. This Court disagrees.

{¶8} This Court generally reviews a trial court's action in regard to a magistrate's decision for an abuse of discretion. *Fields v. Cloyd*, 9th Dist. Summit No. 24150, 2008-Ohio-5232, ¶ 9. "In so doing, we consider the trial court's action with reference to the nature of the underlying matter." *Tabatabai v. Tabatabai*, 9th Dist. Medina No. 08CA0049-M, 2009-Ohio-3139, ¶ 18. An abuse of discretion implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶9} Civ.R. 53(D)(3)(b)(i) provides as follows:

A party may file written objections to a magistrate's decision within fourteen days of the filing of the decision, whether or not the court has adopted the decision during that fourteen-day period as permitted by Civ.R. 53(D)(4)(e)(i). If any party timely files objections, any other party may also file objections not later than ten days after the first objections are filed. If a party makes a timely request for findings of fact and conclusions of law, the time for filing objections begins to run when the magistrate files a decision that includes findings of fact and conclusions of law.

{¶10} In turn, Civ.R. (D)(3)(b)(iii) provides in part that an objection to a factual finding "shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding[.]" The rule further provides that "[t]he objecting party shall file the transcript * * *

within thirty days after filing objections unless the court extends the time in writing for preparation of the transcript or other good cause. If a party files timely objections prior to the date on which a transcript is prepared, the party may seek leave of court to supplement the objections." *Id*. Civ.R. 53(D)(4)(d) provides in part that "[i]f one or more objections to the magistrate's decision are timely filed, the court shall rule on those objections."

{¶11} Loc.R. 18.05 of the Summit County Court of Common Pleas, General Division ("Loc.R. 18.05") states:

> Appeal or objections to the magistrate's order or decision, and memoranda in support, may be filed by any party in accordance with Civ.R. 53 * * *. Memoranda contra objections or replies to an appeal may be filed by any party within seven (7) days of the filing of such objections or appeal. The time limit established by Civ.R. 53 * * * for the filing of objections to the magistrate's order/decision may be extended by the assigned judge only upon written application supported by an affidavit stating facts indicating a practical impossibility of compliance. If a transcript of the trial or hearing is necessary to support objections or appeal to the magistrate's decision or order, it must be filed with the Court by the moving party within thirty (30) days after the filing of objections or appeal unless the assigned judge, in writing, extends the time due to the inability of the court reporter to complete the transcript of the testimony. A praecipe for transcript shall be served in written form on the chief court reporter within (3) days after the filing of said objections, appeal, contra objections or appeal reply. * * *.

{¶12} A review of the record reveals that the magistrate's decision contains an electronic time stamp indicating that it was filed on February 6, 2018. While the notice of filing was docketed on the same day and indicates that the magistrate's decision was filed on February 6, 2018, the certificate of mailing service was not filed until the following day.

{¶13} Schell filed objections to the magistrate's decision on February 21, 2018. Therein, Schell challenged the magistrate's finding that the Village had not materially breached the settlement agreement, as well as the magistrate's ultimate conclusion that he was in contempt of court. Schell noted that his objections were factual in nature and requested time to file a

transcript in accordance with Loc.R. 18.05. Schell also requested 14 days to file a memorandum in support of his objections after the transcript was filed.

{¶14} After Schell filed his objections, the Village promptly filed a motion to strike the objections on the basis that they were untimely under Civ.R. 53(D)(3)(b)(i). On March 5, 2018, the Village filed its own objections to the magistrate's decision wherein it challenged the purge conditions set forth by the magistrate. The Village indicated that it would obtain a copy of the transcript and file a memorandum in support of its objections in accordance with Loc.R. 18.05.

{¶15} The transcript from the show cause hearing was filed on March 23, 2018. Neither party filed a supplemental memorandum in support of their objections.

{¶16} On May 21, 2018, the trial court issued its judgment entry adopting the magistrate's decision. As noted above, the trial court reviewed the magistrate's decision "as if no timely objections were attempted or filed" and denied the Village's motion to strike Schell's objections as moot. In reaching this position, the trial court found that Schell's objections were filed a day late.[1] The trial court further underscored that while both parties indicated that their objections were factual in nature and pledged to file memoranda after the transcript was filed, neither party supplemented their initial objections after the transcript was made part of the record. The trial court stated that "in the perfect storm of tardiness in this matter, the court finds no good cause to continue its normal practice * * *" of "grant[ing] some leeway as to filing deadlines[.]" The trial court adopted the magistrate's decision and made several minor modifications to the purge conditions.

---

[1] The trial court acknowledged the filing of the transcript but noted that it was also filed one day late.

{¶17} On appeal, Schell does not dispute that the electronic time-stamp on the magistrate's decision indicates that it was filed on February 6, 2018, and that, with that date of filing, his objections would have been untimely by one day. He nevertheless maintains that the trial court erred in declining to rule on his objections because he received an electronic notice of filing from the clerk of court suggesting that the magistrate's decision was filed on a different date. Specifically, Schell contends that "[the] email notice clearly indicated the magistrate's decision was filed on February 7, 2018." Schell further argues that even assuming arguendo that his objections were filed one day late, the mistake was made in good faith and that, given the nearness in time to the filing deadline, the trial court abused its discretion in refusing to consider his objections.

{¶18} A review of the record reveals that Schell's assignment of error is without merit. Civ.R. 53(D)(3)(b)(i) provides that objections to a magistrate's decision must be filed "within fourteen days of the filing of the decision[.]" The magistrate's decision in this case contains an electronic time-stamp indicating that it was filed on February 6, 2018. "The time-stamp evidences the date of filing and raises a presumption that the document was filed on that date." *See Haley v. Nomad Preservation, Inc.*, 9th Dist. Summit No. 26220, 2012-Ohio-4385, ¶ 9. This Court has recognized that an appellant can refute the presumption regarding the filing date by pointing to evidence that the document was actually filed on a different date. *Id.* In *Haley*, for example, we sustained the appellant's assignment of error because the clerk of court's notice of filing stated that the magistrate's decision was filed a day later than what was reflected in the time-stamp. *Id.* at ¶ 9-10. Here, the trial court record contains a notice of filing that was docketed on February 6, 2018. The notice of filing indicates that the magistrate's decision was

filed on "02/06/2018[,]" the same date set forth in the time-stamp on the magistrate's decision. While Schell suggests he received an email indicating the magistrate's order was filed the following day, he has not cited to any part of the trial court record in support of that claim. *See* App.R. 16(A)(7). As the record in the case indicates that the magistrate's decision was filed on February 6, 2018, the trial court correctly concluded that Schell's objections filed on February 21, 2018, were untimely by one day.

{¶19} Though Schell maintains that the trial court should have exercised its discretion to entertain the objections even if they were untimely, we note that the trial court based its decision to set aside the objections on a number of factors. In his initial objections, Schell acknowledged that his arguments were factual in nature and noted that a transcript was necessary to support the objections. Schell requested 14 days to file a memorandum in support of his objections after the transcript was filed. Inexplicably, however, Schell never filed a supplemental memorandum after the transcript was filed. Under these circumstances, where Schell missed multiple deadlines relating to his objections, we cannot say that the trial court abused its discretion when it declined to address Schell's objections.

{¶20} The assignment of error is overruled.

III.

{¶21} Schell's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

HENSAL, J.
SCHAFER, J.
CONCUR.

APPEARANCES:

ALAN M. MEDVICK, Attorney at Law, for Appellant.

BENJAMIN G. CHOJNACKI, Attorney at Law, for Appellee.