[Cite as *In re R.L.B.*, 2018-Ohio-3660.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

IN RE: R.L.B.

C.A. No.     28765


APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     CV-2017-04-1510

DECISION AND JOURNAL ENTRY

Dated: September 12, 2018

---

CARR, Judge.

{¶1}    Appellant, Rosalyn Bradford, appeals the judgment of the Summit County Court of Common Pleas.  This Court reverses and remands.

I.

{¶2}    On April 12, 2017, Bradford filed a petition for a certificate of qualification for employment.  Bradford filed the petition in furtherance of her goal of obtaining state licensing as a social worker.  A magistrate reviewed the petition and noted that Bradford had understated her criminal history.  The magistrate ultimately denied the petition "due to the underlying nature and number of * * * felony convictions" on Bradford's record.  Approximately a week later, the trial court adopted the magistrate's decision.

{¶3}    Bradford filed a number of timely objections to the magistrate's decision.  Most notably, Bradford argued that the magistrate failed to apply the statutory test set forth in R.C. 2953.25(C)(3).  Bradford further objected on the basis that her failure to identify all of her

criminal convictions in her petition did not disqualify her from seeking statutory relief. Bradford alternatively objected on the basis that if the trial court was not inclined to altogether reject the magistrate's decision, it should at a minimum hold a hearing to consider additional evidence regarding whether she qualified for relief under the statute. Thereafter, the trial court issued an order overruling Bradford's objections.

{¶4} On appeal, Bradford raises two assignments of error.

II.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED BY DENYING MS. BRADFORD'S PETITION
FOR A CERTIFICATE OF QUALIFICATION FOR EMPLOYMENT.

{¶5} In her first assignment of error, Bradford argues that this matter must be reversed and remanded because the trial court failed to apply the standard set forth in R.C. 2953.25.[1] when it considered her petition. This Court agrees.

{¶6} R.C. 2953.25(C)(6) provides, in part, that "[i]f a court of common pleas that receives an individual's petition for a certificate of qualification for employment * * * denies the petition, the individual may appeal the decision to the court of appeals only if the individual alleges that the denial was an abuse of discretion on the part of the court of common pleas." An abuse of discretion indicates that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

---

[1] The trial court issued its journal entry overruling Bradford's objections to the magistrate's decision on August 11, 2017. We note that an amended version of R.C. 2953.25 took effect on September 29, 2017. A number of the statutory provisions relevant to this appeal were unaffected by the amendments to the statute.

{¶7}    In order to be eligible for a certificate of qualification for employment, a petitioner must satisfy the requirements set forth in R.C. 2953.25(C)(3)(a)-(c), which states, in part:

> [A] court that receives an individual's petition for a certificate of qualification for employment * * * may issue a certificate of qualification for employment, at the court's discretion, if the court finds that the individual has established all of the following by a preponderance of the evidence:
>
> (a) Granting the petition will materially assist the individual in obtaining employment or occupational licensing.
>
> (b) The individual has a substantial need for the relief requested in order to live a law-abiding life.
>
> (c) Granting the petition would not pose an unreasonable risk to the safety of the public or any individual.

R.C. 2953.25(C)(4) provides that "[t]he submission of an incomplete petition by an individual shall not be grounds for the designee or court to deny the petition."

{¶8}    A review of the record reveals that the trial court did not apply the aforementioned statutory framework in ruling on Bradford's petition.  In denying the petition, the trial court stressed that Bradford failed to include a complete recitation of her criminal history and that granting relief would be inappropriate in light of her actual record.  As noted above, R.C. 2953.25(C)(3) sets forth a number of requirements that a petitioner must satisfy by a preponderance of the evidence in order to be eligible for a certificate of qualification for employment.  While the trial court referenced R.C. 2953.25(C)(3) in its journal entries adopting the magistrate's decision and overruling Bradford's objections, the trial court's analysis of Bradford's petition did not address the required statutory findings.  Instead, the trial court focused on the fact that Bradford did not disclose the full extent of her criminal history in her petition.  As noted above, R.C. 2953.25(C)(4) provides that a trial court may not deny a petition solely on the basis that it is incomplete.  This matter must be reversed and remanded for the trial

court to consider Bradford's petition in accordance with the statutory framework set forth in R.C. 2953.25. As the trial court did not have discretion to disregard the statutory framework when considering Bradford's petition, the first assignment of error is sustained.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN DENYING APPELLANT BRADFORD'S HEARING REQUEST ON HER CIV.R. 53(D)(4)(d) OBJECTIONS.

**{¶9}** In her second assignment of error, Bradford contends that the trial court should have conducted further proceedings on her petition. As our resolution of Bradford's first assignment of error is dispositive of this appeal, we decline to address Bradford's second assignment of error as it has been rendered moot. *See* App.R. 12(A)(1)(c).

### III.

**{¶10}** Bradford's first assignment of error is sustained. The second assignment of error is moot. The judgment of the Summit County Court of Common Pleas is reversed and the cause remanded for further proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

DONNA J. CARR
FOR THE COURT

TEODOSIO, P. J.
CONCURS IN JUDGMENT ONLY.

HENSAL, J.
DISSENTING.

{¶11} I do not agree that the trial court "focused on the fact that [Ms.] Bradford did not disclose the full extent of her criminal history in her petition." As the lead opinion notes, the magistrate recommended denying Ms. Bradford's petition "due to the underlying nature and number of * * * felony convictions listed above." In determining whether to adopt the magistrate's decision, the trial court wrote that it had "conducted a complete review under R.C. 2953.25" and "given due consideration to all statutory tests." Although it found that the petition "was incomplete regarding the number of convictions [Ms. Bradford] listed," it explained that it was denying the petition "for the reasons outlined in the Magistrate's Decision." Thus, it denied Ms. Bradford's petition because of the "nature and number" of her felony convictions, not her failure to disclose them in her petition.

{¶12} Following Ms. Bradford's objections, the court "conduct[ed] a review of R.C. 2953.25" and concluded it would "adhere[ ] to the judgment previously entered * * *." It explained that "the actual number and nature of felony convictions of [Ms. Bradford] merits

denial of the petition * * *." Once again, it focused on the "nature" and "number" of Ms. Bradford's prior convictions, not her failure to disclose some of them in her petition. In fact, there is no mention of the petition's deficiencies in the order overruling Ms. Bradford's objections.

{¶13} I, therefore, respectfully dissent.

APPEARANCES:

JOANN SAHL, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.