[Cite as *Greer v. Finest Auto Wholesale, Inc.*, 2020-Ohio-3951.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STEVEN GREER, et al.

    Appellants

    v.

FINEST AUTO WHOLESALE, INC., et al.

    Appellees

C.A. No.     29358

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV-2017-05-2221

DECISION AND JOURNAL ENTRY

Dated: August 5, 2020

---

CARR, Presiding Judge.

{¶1}    Plaintiffs-Appellants Steven Greer, M.D. and Cortex Television, LLC appeal the judgment of the Summit County Court of Common Pleas. This Court affirms in part, reverses in part, and remands the matter for proceedings consistent with this decision.

I.

{¶2}    In November 2016, Dr. Greer responded to an Ebay.com listing by Defendant-Appellee Finest Auto Wholesale, Inc. ("Finest Auto") about a 2012 used Mercedes Benz which Finest Auto had for sale. According to the complaint, after Dr. Greer rented a car, drove up from Columbus, and inspected the vehicle, he asked a salesperson if it had ever been damaged in an accident. The salesperson assured Dr. Greer that it had not been. Dr. Greer's business, Cortex Television, LLC purchased the vehicle.

{¶3}    While Dr. Greer and the salesperson were returning the rental vehicle, Dr. Greer noticed the back end of the Mercedes was visibly wobbling. Based on the allegations in the

complaint, Dr. Greer again asked the salesperson if the vehicle had been damaged in an accident, and the salesperson responded that a bad tire caused the wobbling. Dr. Greer became concerned the salesperson had misrepresented the condition of the vehicle. Thus, he stopped payment on the check to Finest Auto and returned the vehicle.

{¶4} Ultimately, Defendant-Appellee Leikin Motor Companies, Inc. ("Leikin") inspected the vehicle and performed some maintenance on it. Dr. Greer maintained that Leikin informed him that the vehicle had not been in an accident. According to the complaint, Cortex Television, LLC paid the "agreed price for the inspection and mechanical work." Dr. Greer and Cortex Television, LLC alleged in the complaint that, based upon the assurances of Leikin and Finest Auto, Cortex Television, LLC purchased the Mercedes Benz. The vehicle was titled to Cortex Television, LLC.

{¶5} Shortly after the vehicle was purchased, Dr. Greer noticed that the trunk would not stay open. When Dr. Greer took the vehicle to a dealership in Columbus, he was informed that the vehicle had been in an accident.

{¶6} In May 2017, Dr. Greer, dba Cortex Television, LLC filed a complaint against Finest Auto and Leikin. In October 2017, after Finest Auto and Leikin had answered the complaint and filed motions for judgment on the pleadings, Dr. Greer was granted leave to file an amended complaint.

{¶7} The amended complaint included Dr. Greer and Cortex Television, LLC as Plaintiffs. The complaint contained five counts. Count one was brought by both Plaintiffs against Finest Auto and Leikin and was a claim for fraud/misrepresentation. Count two was a claim by Cortex Television, LLC against Finest Auto for breach of contract. Count three was a claim by Cortex Television, LLC against Leikin for breach of contract. Count four was a claim brought by

Dr. Greer against Finest Auto alleging violations of the Ohio Consumer Sales Practices Act ("CSPA"). Count five was a claim brought by Dr. Greer against Leikin alleging violations of the CSPA.

{¶8} Both Defendants filed answers to the amended complaint and both again moved for judgment on the pleadings. The trial court granted Leikin's motion as to counts three and five but denied it as to count one. With respect to Finest Auto's motion, the trial court granted it as to count four but denied it as to counts one and two.

{¶9} The discovery process in the matter was extended and contentious. On May 1, 2018, Finest Auto filed a motion for summary judgment. That same day, Dr. Greer's and Cortex Television, LLC's counsel filed a motion to withdraw. Dr. Greer filed a brief in opposition to the motion to withdraw. Thereafter, Dr. Greer and Cortex Television, LLC filed a motion to strike Finest Auto's motion for summary judgment as untimely. However, Dr. Greer and Cortex Television, LLC did not file a brief in opposition to the motion for summary judgment. On May 30, 2018, the trial court granted counsel's motion to withdraw. On July 13, 2018, the trial court granted Finest Auto's motion for summary judgment as to counts one and two of the amended complaint.

{¶10} On August 1, 2018, Dr. Greer, appearing pro se, filed a "Notice of Rule 60 Motion to Renew Complaint Against Finest Auto[.]" Therein, Dr. Greer cited to Civ.R. 60(B)(1) and argued that it was "law office error" for his prior counsel to fail to file a brief in opposition to Finest Auto's motion for summary judgment. Finest Auto opposed the motion and Dr. Greer filed a reply. Ultimately, the trial court denied the motion.

{¶11}  In September 2018, Leikin filed a motion for summary judgment on the remaining claims and Dr. Greer filed a pro se cross-motion for summary judgment.  Both sides responded in opposition and filed reply briefs.

{¶12}  In October 2018, Dr. Greer filed a pro se motion requesting that the trial judge recuse himself.  Dr. Greer alleged that the trial judge was not handling the matter in a diligent and competent manner.  The judge recused himself and the matter was ultimately assigned to a visiting judge.  In November 2018, Dr. Greer, still acting pro se, filed a motion seeking to vacate certain orders of the former trial judge.  The motion was also denied.

{¶13}  In March 2019, the trial court issued an entry granting Leikin's motion for summary judgment with respect to the remaining claim of fraud/misrepresentation and denying Dr. Greer's motion for summary judgment.  The trial court concluded that any other pending motions not specifically addressed were denied as moot.

{¶14}  Dr. Greer and Cortex Television, LLC have appealed, raising five assignments of error for our review.

II.

**ASSIGNMENT OF ERROR I**

THE TRIAL COURT ERRED BY FINDING THAT THE TRANSACTIONS BETWEEN ALL PARTIES WERE NOT CONSUMER TRANSACTIONS SUBJECT TO THE OHIO CONSUMER SALES PRACTICES ACT[.]

{¶15}  Dr. Greer and Cortex Television, LLC[1] argue in their first assignment of error that the trial court erred in its rulings on the motions for judgment on the pleadings by concluding that

---

[1] We note that Dr. Greer and Cortex Television, LLC have filed a brief together.  Thus, inherently, each of their arguments is raised by both parties, even though some of their arguments only relate to issues that impact one of the parties.  To the extent the judgment at issue would not impact one of the parties, this Court will consider the argument as though only the aggrieved party raised the argument.  *See State v. Senz*, 9th Dist. Wayne No. 02CA0016, 2002-Ohio-6464, ¶ 5-6.

none of the transactions were consumer transactions and thus the transactions were not subject to the CSPA.

{¶16} Civ.R. 12(C) states, "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." "Under Civ.R. 12(C), dismissal is appropriate where a court (1) construes the material allegations in the complaint, with all reasonable inferences to be drawn therefrom, in favor of the nonmoving party as true, and (2) finds beyond doubt, that the plaintiff could prove no set of facts in support of his claim that would entitle him to relief." (Internal quotations omitted.) *Evanston Ins. Co. v. ProCentury Ins. Co.*, 9th Dist. Lorain No. 18CA011438, 2019-Ohio-4214, ¶ 15, quoting *Automation Tool & Die, Inc. v. Medina Hosp.*, 9th Dist. Medina No. 18CA0009-M, 2019-Ohio-1691, ¶ 10, quoting *Merryweather Mgt., Inc. v. KNL Custom Homes, Inc.*, 9th Dist. Summit No. 25971, 2012-Ohio-2977, ¶ 8. "Civ.R. 12(C) clearly confines the trial court's analysis to the material allegations set forth in the pleadings and any [written instrument] attach[ed] thereto, which the trial court must accept as true." (Internal quotations omitted.) *Evanston Ins. Co.* at ¶15, quoting *Business Data Sys., Inc. v. Figetakis*, 9th Dist. Summit No. 22783, 2006-Ohio-1036, ¶ 10; *State ex rel. Leneghan v. Husted*, 154 Ohio St.3d 60, 2018-Ohio-3361, ¶ 17 ("A written instrument attached to a complaint or answer also qualifies as part of the pleadings for all purposes. Civ.R. 10(C). But not every document attached to a pleading constitutes a Civ.R. 10(C) written instrument. Rather, the term 'written instrument in Civ.R. 10(C) has primarily been interpreted to include documents that evidence the parties' rights and obligations, such as negotiable instruments, insurance policies, leases, deeds, promissory notes, and contracts.") (Internal quotations omitted.). "A ruling granting a motion for judgment on the pleadings is reviewed de novo." *Denefield v. Nemer*, 9th Dist. Summit No. 28771, 2019-Ohio-3249, ¶ 30.

{¶17} The trial court determined that the sale of the Mercedes to Cortex Television, LLC was not a consumer transaction as defined by R.C. 1345.01(A) and the Supreme Court of Ohio's holding in *Culbreath v. Golding Ents., L.L.C.*, 114 Ohio St.3d 357, 2007-Ohio-4278, ¶ 26. On this basis, the trial court granted judgment on the pleadings to Leikin on count five and Finest Auto on count four of the amended complaint.

{¶18} We agree with Dr. Greer and Cortex Television, LLC that, based upon the amended complaint, two transactions were involved, not just one as the trial court stated. One of those was the sale of the vehicle by Finest Auto and the other was service to the vehicle provided by Leikin.

### Consumer Transaction

{¶19} R.C. 1345.02(A) provides that "[n]o supplier shall commit an unfair or deceptive act or practice in connection with a consumer transaction. Such an unfair or deceptive act or practice by a supplier violates this section whether it occurs before, during, or after the transaction." R.C. 1345.03(A) states that "[n]o supplier shall commit an unconscionable act or practice in connection with a consumer transaction. Such an unconscionable act or practice by a supplier violates this section whether it occurs before, during, or after the transaction." Accordingly, in order to determine whether a supplier can be held liable for violating either R.C. 1345.02(A) or 1345.03(A), it is vital to understand what is meant by a "consumer transaction."

{¶20} R.C. 1345.01(A) defines "consumer transaction" as

a sale, lease, assignment, award by chance, or other transfer of an item of goods, a service, a franchise, or an intangible, to *an individual* for purposes that are primarily personal, family, or household, or solicitation to supply any of these things. "Consumer transaction" does not include transactions between persons, defined in sections 4905.03 and 5725.01 of the Revised Code, and their customers, except for transactions involving a loan made pursuant to sections 1321.35 to 1321.48 of the Revised Code and transactions in connection with residential mortgages between loan officers, mortgage brokers, or nonbank mortgage lenders and their customers; transactions involving a home construction service contract as defined in section 4722.01 of the Revised Code; transactions between certified public accountants or

public accountants and their clients; transactions between attorneys, physicians, or dentists and their clients or patients; and transactions between veterinarians and their patients that pertain to medical treatment but not ancillary services.

(Emphasis added.)

{¶21} In *Culbreath*, the Supreme Court of Ohio examined the statutory scheme in R.C. Chapter 1345, and held that the word individual, as used in R.C. 1345.01(A), "means 'natural person.'" *Culbreath* at ¶ 26. In so doing, the Supreme Court noted that, "if 'individual' were intended to have same meaning as the business entities listed under R.C. 1345.01(B), then the legislature could have expressly used the term 'person' in defining a consumer transaction under R.C. 1345.01(A)." *Id.* at ¶ 24. "[T]he General Assembly, having clarified that a 'person' could be an individual or a business entity, instead chose the word 'individual' to define a consumer transaction." *Id.*

{¶22} In their amended complaint, at the beginning of each of the claims, Dr. Greer and Cortex Television, LLC stated that they were incorporating by reference all other paragraphs of the complaint into the other claims. Accordingly, we will consider the allegations of the complaint as a whole in determining whether the transactions were consumer transactions.

**Sale of the Vehicle**

{¶23} With respect to Finest Auto, it is clear from the complaint that the alleged violations of the CSPA arose from the sale of the vehicle. While Dr. Greer and Cortex Television, LLC alleged in the amended complaint that Dr. Greer used the vehicle for personal, household, and family purposes, and that Cortex Television, LLC purchased the vehicle for Dr. Greer's use, the amended complaint is also clear that Cortex Television, LLC actually purchased the vehicle. The title itself, which accompanied the amended complaint, reflects that Cortex Television, LLC is the owner. Based on the plain language of the statute, for the transaction to be a consumer transaction,

it must involve a sale (or other listed transaction) to an individual *and* the transaction must be "for purposes that are primarily personal, family, or household[.]" R.C. 1345.01(A). Therefore, even assuming that the purpose of the purchase of the vehicle was for personal, family, or household use, Dr. Greer still had to demonstrate that an individual purchased it.

{¶24} Thus, even viewing the allegations in a light most favorable to Dr. Greer and Cortex Television, LLC, we can only conclude that Finest Auto sold the vehicle to Cortex Television, LLC. Cortex Television, LLC is indisputably not an individual as set forth in *Culbreath*. Consequently, the sale of the vehicle was not a consumer transaction and the trial court did not err in concluding that Dr. Greer could not recover against Finest Auto pursuant to the CSPA.

### Service of the Vehicle

{¶25} With respect to Leikin, the trial court relied upon the sale of the vehicle as the basis for the transaction. However, from the amended complaint, it is clear that the transaction at issue with respect to Leikin is Leikin's provision of services for the vehicle. While Leikin argues that no such transaction took place between Dr. Greer or Cortex Television, LLC and Leikin, we must view the allegations in the complaint in the light most favorable to Dr. Greer and Cortex Television, LLC. We note that allegations in the complaint are conflicting: there are allegations that Dr. Greer purchased services from Leikin and also allegations that Cortex Television, LLC paid the agreed price for the services. As the trial court failed to review in the first instance whether the transaction for service of the vehicle involved an individual, we agree that the trial court erred in granting judgment on the pleadings as to Dr. Greer's claim for Leikin's alleged violation of the CSPA. Upon remand, the trial court should consider the matter under the guidelines we have outlined above.

{¶26} Dr. Greer's and Cortex Television, LLC's first assignment of error is sustained in part and overruled in part.

**ASSIGNMENT OF ERROR II**

THE TRIAL COURT ERRED BY FINDING THAT THE AMENDED COMPLAINT FAILED TO INCLUDE A CLAIM FOR BREACH OF CONTRACT AGAINST LEIKIN MOTOR COMPANIES, INC.

{¶27} Dr. Greer and Cortex Television, LLC argue in their second assignment of error that the trial court erred in granting Leikin's motion for judgment on the pleadings with respect to Cortex Television LLC's claim for breach of contract.

{¶28} The trial court concluded that the amended complaint failed to contain "any suggestion that either Plaintiff had a contract with Leikin regarding the inspection of the Mercedes." Viewing the amended complaint in a light most favorable to Dr. Greer and Cortex Television, LLC, this statement is unwarranted.

{¶29} "Generally, a breach of contract occurs when a party demonstrates the existence of a binding contract or agreement; the non-breaching party performed its contractual obligations; the other party failed to fulfill its contractual obligations without legal excuse; and the non-breaching party suffered damages as a result of the breach." (Internal quotations and citations omitted.) *Herhold v. Smith Land Co.*, 9th Dist. Summit No. 28915, 2019-Ohio-2418, ¶ 9. Civ.R. 10(D)(1) provides that, "[w]hen any claim or defense is founded on an account or other written instrument, a copy of the account or written instrument must be attached to the pleading. If the account or written instrument is not attached, the reason for the omission must be stated in the pleading." Nonetheless, "[b]ecause there is no language in Civ.R. 10(D)(1) that the account or written instrument is required to establish the adequacy of the complaint, any failure to attach the required copies is properly addressed by a motion for a more definite statement under Civ.R.

12(E)." *Fletcher v. Univ. Hosps. of Cleveland*, 120 Ohio St.3d 167, 2008-Ohio-5379, ¶ 11. "In short, a party can still plead a prima facie case in such circumstances even without attaching the account or written agreement to the complaint. Thus, the complaint will survive a motion to dismiss for failure to state a claim." *Id.*

{¶30} Here, it is true that Dr. Greer and Cortex Television, LLC did not attach any written agreement to their complaint. However, it is not even clear if there was a written agreement between Cortex Television, LLC and Leikin. Irrespective, such an omission is not fatal to Cortex Television, LLC's claim for breach of contract. *See id.*

{¶31} Leikin also argued that no agreement existed between Dr. Greer or Cortex Television, LLC and Leikin. Instead, Leikin claimed that Finest Auto and Leikin entered into an agreement for a vehicle inspection of the Mercedes. In support of their contention, Leikin pointed to a service agreement between Leikin and Finest Motors which accompanied Leikin's answer to the complaint. Notably, that agreement did not accompany the answer to the amended complaint. Irrespective, what Leikin fails to acknowledge is that the allegations must be viewed in a light most favorable to Dr. Greer and Cortex Television, LLC. The fact that Leikin alleged that a service agreement existed between Leikin and Finest Auto does not negate the possibility that a service contract also existed between Cortex Television, LLC and Leikin.

{¶32} In the amended complaint, Dr. Greer and Cortex Television, LLC alleged the following:

> For all the reasons stated herein, Defendant Leikin Motors materially breached an enforceable contract with Cortex Television causing Cortex Television damages.

> [] Cortex Television agreed to pay Defendant Leikin Motors to specifically inspect the Mercedes for any evidence of body damage[] cause[d] by a previous accident and to do a diagnostic for any mechanical problems.

[] Cortex Television performed by paying the agreed price for the inspection and mechanical work.

[] Defendant Leikin Motors failed to properly inspect the Mercedes for any evidence of body damage as agreed to and paid for by Cortex Television.

[] Defendant Leikin Motors represented to Cortex Television that there was no evidence that the Mercedes had previous body damages caused by a previous accident.

[] Defendant Leikin Motors knew at the time of the transaction that Cortex Television intended to purchase the Mercedes if in fact the Mercedes did not have previous body damage.

[] A covenant of good faith and fair dealing exists in every enforceable contract in Ohio regardless of whether such covenant is explicitly included in the contract.

[] Defendant Leikin Motors breached the covenant of good faith and fair dealing by failing to properly inspect the Mercedes for evidence of previous body damages.

[] Defendant Leikin Motors's statements to Cortex Television regarding the Mercedes body condition created an express warranty that the Mercedes was safe to operate and had no structural damage.

[] Cortex Television was injured as a result of Defendant Leikin Motors's breach.

[] For all the reasons stated herein, Cortex Television is entitled to Cortex Television's full expectation damages of at least $19,089.25.

[] For all the reasons stated herein and for Defendant Leikin Motors's bad faith, Cortex Television is also entitled to Cortex Television's attorney fees and costs related to bringing this action.

{¶33} Particularly in light of the fact that "Ohio is a notice-pleading state[] [and] does not generally require a party asserting a claim for relief to plead operative facts with particularity[,]" we can only conclude that the trial court erred in concluding that Leikin was entitled to judgment on the pleadings with respect to Cortex Television, LLC's breach of contract claim. (Internal quotations and citations omitted.) *E.F. v. Oberlin City School Dist.*, 9th Dist. Lorain No. 09CA009640, 2010-Ohio-1370, ¶ 7.

{¶34} Dr. Greer's and Cortex Television, LLC's second assignment of error is sustained.

## ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED BY FINDING THAT APPELLANTS FAILED TO DEMONSTRATE THE EXISTENCE OF A GENUINE ISSUE OF MATERIAL FACT FOR THE CLAIM OF NEGLIGENT MISREPRESENTATION AGAINST LEIKIN MOTOR COMPANIES, INC.

{¶35} Dr. Greer and Cortex Television, LLC argue in their third assignment of error that the trial court erred in granting summary judgment to Leikin on Cortex Television, LLC's claim of negligent misrepresentation; Dr. Greer and Cortex Television, LLC do not appear to challenge the grant of summary judgment to Leikin as to Dr. Greer's claim of negligent misrepresentation. Dr. Greer and Cortex Television, LLC maintain that Leikin failed to demonstrate why it was entitled to summary judgment on Cortex Television, LLC's negligent misrepresentation claim. Notably, Dr. Greer and Cortex also do not challenge the trial court's decision to award summary judgment on Dr. Greer's and Cortex Television, LLC's claim of fraud against Leikin.

{¶36} This Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). This Court applies the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. *Viock v. Stowe-Woodward Co.*, 13 Ohio App.3d 7, 12 (6th Dist.1983).

{¶37} Pursuant to Civ.R. 56(C), summary judgment is proper if:

(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977).

{¶38} The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of

a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293 (1996). Specifically, the moving party must support the motion by pointing to some evidence in the record of the type listed in Civ.R. 56(C). *Id.* Once a moving party satisfies its burden of supporting its motion for summary judgment with acceptable evidence pursuant to Civ.R. 56(C), Civ.R. 56(E) provides that the non-moving party may not rest upon the mere allegations or denials of the moving party's pleadings. *Id.* at 293. Rather, the non-moving party has a reciprocal burden of responding by setting forth specific facts, demonstrating that a "genuine triable issue" exists to be litigated at trial. *State ex rel. Zimmerman v. Tompkins*, 75 Ohio St.3d 447, 449 (1996).

{¶39} As to the claim of negligent misrepresentation, the trial court concluded the following:

> Neither of Plaintiffs' summary judgment filings address this claim or provide any evidence in support thereof. As an example, Plaintiffs gloss over the requirement that they demonstrate that Leikin failed to exercise reasonable care by merely stating that "a reasonable jury would agree that any mechanic working for a certified Mercedes dealer should have easily spotted the signs of collision repair." This is not sufficient to overcome the summary judgment burden. Accordingly, as Plaintiffs have submitted no meritorious arguments or evidence in support of this claim, the Court further finds that summary judgment should also be granted upon the alternative claim of negligent misrepresentation alleged in Count One.
>
> WHEREFORE, it is the order of this Court that Plaintiffs' Motion for Summary Judgment is hereby denied. It is the further order of this Court that Defendant Leikin's Motion for Summary Judgment is hereby granted.

{¶40} First, the trial court should not have considered Dr. Greer's pro se summary judgment filings as they related to Cortex Television, LLC's claims. This is so because Cortex Television, LLC, according to the amended complaint, is a limited liability company. As such, it is a separate legal entity and "may be represented in court only by a licensed attorney." *Disciplinary Counsel v. Kafele*, 108 Ohio St.3d 283, 2006-Ohio-904, ¶ 18. Thus, Dr. Greer could

not represent Cortex Television, LLC's interests via his pro se summary judgment filings as there is no indication in the record that he is a licensed attorney. *See id.*

{¶41} Notwithstanding the foregoing, the trial court's analysis puts the burden on Dr. Greer and Cortex Television, LLC as to Dr. Greer's motion for summary judgment and as to Leikin's motion for summary judgment. While the trial court correctly concluded that it was Dr. Greer's initial burden to produce evidence to demonstrate his entitlement to summary judgment on his own motion, as to Leikin's motion for summary judgment, the trial court incorrectly placed the initial burden of coming forward with evidence on Dr. Greer and Cortex Television, LLC. *See Dresher*, 75 Ohio St.3d at 292-293. It does not appear that the trial court considered whether Leikin met its initial summary judgment burden as to the claim for negligent misrepresentation against it. The trial court erroneously granted Leikin summary judgment on the claim of negligent misrepresentation without determining that Leikin met its initial burden. As this Court is a reviewing Court, we conclude it is more appropriate for the trial court to apply the appropriate standard in the first instance. *See In re A.M.*, 9th Dist. Summit No. 28285, 2017-Ohio-7690, ¶ 20-21.

{¶42} Thus, we sustain Dr. Greer's and Cortex Television, LLC's third assignment of error to the extent discussed above.

**ASSIGNMENT OF ERROR IV**

THE TRIAL COURT ERRED BY DENYING APPELLANTS' MOTION FOR RELIEF FROM JUDGMENT FOR ORDER GRANTING SUMMARY JUDGMENT TO FINEST AUTO WHOLESALE, INC. FILED ON JULY 13, 2018.

{¶43} Dr. Greer and Cortex Television, LLC argue in their fourth assignment of error that the trial court erred in denying Dr. Greer's Civ.R. 60(B) motion.

{¶44} As discussed above, Dr. Greer, at the time he filed his Civ.R. 60(B) motion, was acting pro se. Given that Cortex Television, LLC, is a limited liability company, Dr. Greer could not represent Cortex Television, LLC's interests via his Civ.R. 60(B) motion. *See Kafele*, 108 Ohio St.3d 283, 2006-Ohio-904, at ¶ 18.

{¶45} Moreover, "a Civ.R. 60(B) motion to vacate lies only from a 'final judgment, order, or proceeding[.]' Where the underlying order is not itself a final judgment, Civ.R. 60(B) is not a proper procedural mechanism for relief and it cannot be used to convert an otherwise non-final judgment into a final appealable order." *Henry v. Henry,* 9th Dist. Summit No. 27696, 2015-Ohio-4350, ¶ 22. Here, the order that Dr. Greer sought to vacate was not a final order as Dr. Greer and Cortex Television, LLC still had claims pending against Leikin and the entry Dr. Greer sought to vacate did not contain Civ.R. 54(B) language. Thus, Dr. Greer's motion was not a proper Civ.R. 60(B) motion. *See Henry* at ¶ 22. Therefore, Dr. Greer and Cortex Television, LLC have not demonstrated that the trial court erred in denying Dr. Greer's motion for Civ.R. 60(B) relief. *See id.*

{¶46} Dr. Greer's fourth assignment of error is overruled.

### ASSIGNMENT OF ERROR V

THE TRIAL COURT ERRED BY NOT VACATING [THE TRIAL JUDGE'S] ORDERS AFTER HE WAS RECUSED FROM THE CASE AND GREER MADE A TIMELY OBJECTION[.]

{¶47} Dr. Greer and Cortex Television, LLC argue in their fifth assignment of error that the trial court erred in failing to vacate certain orders of the prior trial judge.

{¶48} As mentioned above, Dr. Greer filed a pro se letter to the trial judge requesting that the trial judge recuse himself because Dr. Greer believed the matter was not being handled in a competent and diligent matter. Subsequently, the trial judge did recuse himself. Ultimately a

visiting judge was assigned to the case. After the trial judge's recusal, Dr. Greer filed a pro se motion arguing that certain orders of the former trial judge should be vacated based upon his recusal. The visiting judge denied Dr. Greer's motion. Once again, we note that Dr. Greer's pro se motion could not have additionally been made on behalf of Cortex Television, LLC for the reasons discussed above. *See Kafele*, 108 Ohio St.3d 283, 2006-Ohio-904, at ¶ 18.

{¶49} In support of the argument, Dr. Greer and Cortex Television, LLC point to *Tissue v. Tissue*, 8th Dist. Cuyahoga No. 83708, 2004-Ohio-5968, ¶ 12, which states: "The voluntary recusal of a judge from a case makes all judicial acts by that judge on that case voidable, subject to a timely objection." However, notably, the facts of *Tissue* involved an appellant seeking to have orders vacated that were issued by the trial judge *after* her voluntary recusal from the matter. It is logical that a trial judge's orders issued in the same matter *after* the trial judge had already recused him or herself would be voidable. We cannot say the same is inherently true with respect to orders issued prior to the trial judge's voluntary recusal for unknown reasons. Thus, we do not find *Tissue* particularly helpful in this matter.

{¶50} On appeal, Dr. Greer and Cortex Television, LLC do not provide a reason as to why the orders should be vacated, aside from the fact that the trial judge recused himself and Dr. Greer filed a motion in the trial court to vacate the orders. Dr. Greer and Cortex Television, LLC have not even argued or demonstrated that the basis upon which Dr. Greer sought the trial judge's recusal, the trial judge's alleged lack of competence and diligence, impacted the orders at issue. Overall, Dr. Greer and Cortex Television, LLC have not demonstrated any error on the part of the new trial court judge in failing to vacate certain orders of the former trial judge which were issued prior the former trial judge's recusal. *See Herhold*, 2019-Ohio-2418, at ¶ 73.

{¶51} Dr. Greer's and Cortex Television, LLC's fifth assignment of error is overruled.

III.

{¶52}  Dr. Greer's and Cortex Television, LLC's first assignment of error is sustained in part and overruled in part.  Dr. Greer's and Cortex Television, LLC's second assignment of error is sustained.  Dr. Greer's and Cortex Television, LLC's third assignment of error is sustained to the extent discussed above.  Dr. Greer's and Cortex Television, LLC's remaining assignments of error are overruled.  The judgment of the Summit County Court of Common Pleas is affirmed in part, reversed in part, and the matter is remanded for proceedings consistent with this decision.

Judgment affirmed in part,
reversed in part,
and cause remanded.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

DONNA J. CARR
FOR THE COURT

HENSAL, J.
SCHAFER, J.
<u>CONCUR.</u>


<u>APPEARANCES:</u>

M. SHAWN DINGUS, Attorney at Law, for Appellants.

RICHARD A. DI LISI, Attorney at Law, for Appellee.

JEFFREY A. LEIKIN, Attorney at Law, for Appellee.