[Cite as *In re Cripps*, 2023-Ohio-111.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

IN RE: JOSEPH CRIPPS

C.A. No.    22CA0012-M


APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.    21CIV0433

DECISION AND JOURNAL ENTRY

Dated: January 17, 2023

---

TEODOSIO, Presiding Judge.

{¶1}    Appellant Joseph Cripps appeals from the judgment of the Medina County Court of Common Pleas denying his petition for a certificate of qualification for employment ("CQE"). This Court reverses and remands the matter for a new hearing.

I.

{¶2}    On May 28, 2021, a petition for a CQE for Mr. Cripps was filed in the trial court. The petition indicated that Mr. Cripps had two convictions from 2013 which disqualified him from employment or licensing in an occupation.  Notices were issued pursuant to R.C. 2953.25.  *See* R.C. 2953.25(B)(5)(b).  The Medina County Prosecutor's Office responded and indicated that it did not recommend that Mr. Cripps receive a CQE as it believed that potential employers had a right to know about his offenses.  The Cuyahoga County Prosecutor's Office expressed no opinion about whether Mr. Cripps should receive a CQE but noted that Mr. Cripps had completed all court ordered sentencing conditions and did not have any outstanding financial obligations.

{¶3} A magistrate thereafter requested that the Medina County Adult Probation Department prepare a CQE Investigation Report outlining Mr. Cripps' criminal history. While it appears such a report was created and provided to the trial court, the report is not part of this Court's record. A hearing on the petition was held before a magistrate on September 15, 2021. The magistrate issued a written decision denying Mr. Cripps' petition. Mr. Cripps filed objections to the decision. On January 4, 2022, the trial court issued a decision overruling the objections and denying Mr. Cripps' petition.

{¶4} Mr. Cripps has appealed, raising a single assignment of error for review.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED AS A MATTER OF BOTH LAW AND INTERPRETATION OF THE FACTS IN DENYING PETITIONER-APPELLANT'S OBJECTIONS TO THE MAGISTRATE'S DECISION DENYING HIS PETITION FOR A CERTIFICATE OF QUALIFICATION FOR EMPLOYMENT (CQE).

{¶5} Mr. Cripps argues in his assignment of error that the trial court erred in denying his petition. Mr. Cripps argues that the trial court applied an incorrect version of the statute and that it made erroneous findings concerning the statutory elements.

{¶6} Mr. Cripps' petition was filed in May 2021 and the hearing on his petition took place in September 2021, accordingly we will examine the version of the statute in effect during that timeframe. R.C. 2953.25(C)(8) states that, "[i]f a court of common pleas that receives an individual's petition for a certificate of qualification for employment under division (B)(2) of this section or that is forwarded a petition for such a certificate under division (B)(5)(a) of this section denies the petition, the individual may appeal the decision to the court of appeals only if the

individual alleges that the denial was an abuse of discretion on the part of the court of common pleas."

**{¶7}** Here, the trial court first determined that Mr. Cripps, "[a]t [the] hearing and his written petition," "failed to designate a collateral sanction that he suffered as a result of his conviction." Then, the trial court examined the factors in R.C. 2953.25(C)(3) and found that Mr. Cripps failed to satisfy them all.

**{¶8}** We agree with Mr. Cripps that the trial court utilized an incorrect version of the statute in evaluating Mr. Cripps' petition. This is evidenced by the language used in the trial court's entry.

**{¶9}** First, the trial court stated that, "[a]t [the] hearing and in his written petition, [Mr.] Cripps has failed to designate a collateral sanction that he has suffered as a result of his conviction." It is true that R.C. 2953.25(B) states that only "[a]n individual who is subject to one or more collateral sanctions as a result of being convicted of or pleading guilty to an offense" may file for a CQE. *See* R.C. 2953.25(B)(1), (2). A collateral sanction is defined as "a penalty, disability, or disadvantage that is related to employment or occupational licensing, however denominated, as a result of the individual's conviction of or plea of guilty to an offense and that applies by operation of law in this state whether or not the penalty, disability, or disadvantage is included in the sentence or judgment imposed." R.C. 2953.25(A)(1). It does not include "imprisonment, probation, parole, supervised release, forfeiture, restitution, fine, assessment, or costs of prosecution." *Id.* This is important as, "[a] certificate of qualification for employment issued to an individual lifts the automatic bar of a collateral sanction, and a decision-maker shall consider on a case-by-case basis whether to grant or deny the issuance or restoration of an occupational license or an employment opportunity, notwithstanding the individual's possession of the certificate, without, however,

reconsidering or rejecting any finding made by a designee or court under division (C)(3) of this section." R.C. 2953.25(D)(1).

{¶10} While the definition of collateral sanction has not changed over the statute's history, the requirements of what must be included in the petition have. From the language used in the trial court's entry, it appears the trial court believed that Mr. Cripps had to identify in his petition a collateral sanction. However, the version of the statute in effect at the time of Mr. Cripps' petition did not include that requirement. *See* former R.C. 2953.25(F). Instead, only the versions in effect prior to September 29, 2015 included a requirement that the petition include "[t]he name or type of each collateral sanction from which the individual is requesting a certificate of qualification for employment[.]" *See* former R.C. 2953.25(F)(5). Moreover, we note that R.C. 2953.25(C)(4) provides that "[t]he submission of an incomplete petition by an individual shall not be grounds for the designee or court to deny the petition." *See also In re R.L.B.*, 9th Dist. Summit No. 28765, 2018-Ohio-3660, ¶ 7-8.

{¶11} Later in the entry, the trial court examined the factors in R.C. 2953.25(C)(3); however, in so doing, it quoted a version of the statute that was not in effect at the time of the proceedings.

{¶12} The version of R.C. 2953.25(C)(3) in effect at the time states that,

[e]xcept as provided in division (C)(5) of this section and subject to division (C)(7) of this section, a court that receives an individual's petition for a certificate of qualification for employment under division (B)(2) of this section or that is forwarded a petition for such a certificate under division (B)(5)(a) of this section may issue a certificate of qualification for employment, at the court's discretion, if the court finds that the individual has established all of the following by a preponderance of the evidence:

(a) Granting the petition will materially assist the individual in obtaining employment or occupational licensing.

(b) The individual has a substantial need for the relief requested in order to live a law-abiding life.

(c) Granting the petition would not pose an unreasonable risk to the safety of the public or any individual.

**{¶13}** The version of R.C. 2953.25(C)(5) in effect at the time provides:

Subject to division (C)(6) of this section, an individual is rebuttably presumed to be eligible for a certificate of qualification for employment if the court that receives the individual's petition under division (B)(2) of this section or that is forwarded a petition under division (B)(5)(a) of this section finds all of the following:

(a) The application was filed after the expiration of the applicable waiting period prescribed in division (B)(4) of this section;

(b) If the offense that resulted in the collateral sanction from which the individual seeks relief is a felony, at least three years have elapsed since the date of release of the individual from any period of incarceration in a state or local correctional facility that was imposed for that offense and all periods of supervision imposed after release from the period of incarceration or, if the individual was not incarcerated for that offense, at least three years have elapsed since the date of the individual's final release from all other sanctions imposed for that offense;

(c) If the offense that resulted in the collateral sanction from which the individual seeks relief is a misdemeanor, at least one year has elapsed since the date of release of the individual from any period of incarceration in a local correctional facility that was imposed for that offense and all periods of supervision imposed after release from the period of incarceration or, if the individual was not incarcerated for that offense, at least one year has elapsed since the date of the final release of the individual from all sanctions imposed for that offense including any period of supervision.

**{¶14}** If the application meets the requirements of R.C. 2953.25(C)(5), the application "shall be denied only if the court that receives the petition finds that the evidence reviewed under division (C)(1) of this section rebuts the presumption of eligibility for issuance by establishing, by clear and convincing evidence, that the applicant has not been rehabilitated." R.C. 2953.25(C)(6).

**{¶15}** The trial court's entry states in relevant part that, "[s]ubject to division (C)(5) of this section, a court that receives an individual's petition for a certificate of qualification for employment under division (B)(2) of this section or that is forwarded a petition for such a

certificate under division (B)(5)(a) of this section may issue a certificate of qualification for employment, at the court's discretion, if the court finds that the individual has established all of the following by a preponderance of the evidence * * * ." (Emphasis omitted.) Versions of the statute that include the language "[s]ubject to division (C)(5)" in R.C. 2953.25(C)(3) include a substantially different version of (C)(5) than the version quoted at length above. Those inapplicable versions do not include the language pertaining to the creation of a rebuttable presumption; instead, the (C)(5) in those versions informs the reader of which collateral sanctions cannot be relieved by a CQE. *See* former R.C. 2953.25(C)(5).

{¶16} Thus, we cannot agree with the State that there is no evidence that the trial court applied the wrong standard in reviewing the matter. From the trial court's own words, it is clear that the trial court reviewed the matter under an inapplicable version of the statute. The trial court did not have discretion to disregard the appropriate statutory framework in reviewing the petition. *See In re R.L.B.*, 2018-Ohio-3660, at ¶ 8. Moreover, "[a]s this Court is a reviewing Court, [] it is more appropriate for the trial court to apply the appropriate standard in the first instance." *Greer v. Finest Auto Wholesale, Inc.*, 9th Dist. Summit No. 29358, 2020-Ohio-3951, ¶ 41.

{¶17} Mr. Cripps' assignment of error is sustained.

III.

{¶18} Mr. Cripps' assignment of error is sustained. The judgment of the Medina County Court of Common Pleas is reversed, and the matter is remanded for the trial court to conduct a new hearing so that it may consider the criteria set forth in the appropriate version of the statute.

Judgment reversed
and cause remanded.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

THOMAS A. TEODOSIO
FOR THE COURT

CARR, J.
SUTTON, J.
CONCUR.

APPEARANCES:

DARREN L. MEADE, Attorney at Law, for Appellant.

S. FORREST THOMPSON, Prosecuting Attorney, and VINCENT V. VIGLUICCI, Assistant Prosecuting Attorney, for Appellee.