THOMAS, Appellant,

v.

WHITE et al., Appellees.

[Cite as *Thomas v. White* (1992), 85 Ohio App.3d 410.]

Court of Appeals of Ohio,
Summit County.

No. 15333.

Decided April 8, 1992.

*David C. Thomas, pro se.*

*Lynn Slaby,* Summit County Prosecuting Attorney, and *Gabrielle A. Manus,* Assistant Prosecuting Attorney, for appellees.

*Per Curiam.*

In this case, we must decide whether the trial court erred in granting summary judgment by determining that the Citizens Advisory Committee ("committee") of the Summit County Children Services Board ("CSB") is not a "public body" as defined in Ohio's Sunshine Law. We must also determine whether the trial court erred in granting summary judgment on plaintiff's second cause of action requesting a writ of mandamus to gain access to the committee's minutes. We reverse.

Plaintiff-appellant, David C. Thomas, filed this action seeking (a) an injunction to permit him to attend the committee's meetings, and (b) a "writ of mandate" (mandamus) to gain access to the committee meeting minutes. Thomas submitted no evidence. The only evidence properly before the trial court was the affidavit testimony of co-defendant/appellee, Joseph W. White, Jr. White is CSB's executive secretary. CSB is the other co-defendant in this action.

CSB and White moved for summary judgment claiming that the committee was not a public body or a public office. The trial court granted summary judgment against Thomas, finding that the committee was not a public body, and, as such, the Sunshine Law did not apply to it. The trial court also decided that the committee members were not public officials.

Thomas appeals, raising two assignments of error.

## Assignment of Error I

"The Trial Court erred, as a matter of law, in finding the Citizens Advisory Committee of Summit County Children Services Board not to be a public body within the scope of the Sunshine Law, O.R.C. 121.22."

Trial and appellate courts adhere to the same standard in reviewing summary judgment. Inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion, and if when so viewed reasonable minds can come to differing conclusions, the motion should be overruled. It must appear from the evidence that reasonable minds can come to but one conclusion: that the moving party is entitled to judgment as a matter of law. *Delker v. Ohio Edison Co.* (1989), 47 Ohio App.3d 1, 2, 546 N.E.2d 975, 976.

The issue before us is whether the committee is a public body. We determine that it is, and, therefore, we reverse the trial court's grant of summary judgment on this cause of action.

Defendants argue that the committee is not a public body because it is not a decision-making body.

R.C. 121.22(B)(1) defines a "public body" as " \* \* \* any board, commission, committee, or similar decision-making body of a state agency, institution, or authority, and any legislative authority or board, commission, committee, agency, authority, or similar decision-making body of any county, township, municipal corporation, school district, or other political subdivision or local public institution."

■ First of all, a strict reading of R.C. 121.22(B)(1) leads us to the conclusion that a committee need not be a decision-making body in order to be a public body. However, even if the committee need be a decision-making body, we hold that the committee is such. In White's affidavit, White states that the committee makes recommendations to CSB. The enabling statute, R.C. 5153.091, specifies such duties as furthering the cooperation between CSB and other agencies, carrying out studies of the effectiveness and need for particular services to children, and advising CSB on policies pertaining to the provision of services to children. The subject matter of its operations is the public business of CSB, and each of its duties involves decisions as to what will be done. Moreover, R.C. 5153.091 provides that the committee shall elect one of its members as chairman and that the chairman shall serve as an ex officio voting member of CSB. This involves decision making. The trial court erred in granting summary judgment. The first assignment of error is sustained.

## Assignment of Error II

"The Trial Court erred, by not ruling on Plaintiff's second claim, requesting a writ of mandate in regard to his access to public records."

This assignment of error is without merit as the trial court granted summary judgment for defendants, and, accordingly, ruled, without giving a reason, on Thomas's second cause of action.

However, by determining that the committee is a public body, we necessarily rule that the minutes of the committee's regular and special meetings are open to inspection by the general public. See R.C. 121.22(C). Therefore, the trial court erred in granting summary judgment on Thomas's second cause of action.

The judgment of the trial court is reversed and we remand this cause for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

BAIRD, P.J., and COOK, J., concur.

QUILLIN, J., dissents.