**WEISSFELD, Appellant,**

v.

**AKRON PUBLIC SCHOOL DISTRICT et al., Appellees.**

[Cite as *Weissfeld v. Akron Pub. School Dist.* (1994), 94 Ohio App.3d 455.]

Court of Appeals of Ohio,
Summit County.

No. 16410.

Decided April 27, 1994.

---

*Randall D. Weissfeld, pro se.*

*Dennis Whalen,* for appellees.

Cook, Judge.

Randall D. Weissfeld appeals the trial court's order finding that Building Leadership Teams ("BLTs") authorized by the Akron Public School District's ("the district") collective bargaining agreement are not "public bodies" for purposes of R.C. 121.22 ("Sunshine Law") and, therefore, the district and the Akron School Board ("the board") were entitled to summary judgment. He also appeals the trial court's denial of his motion for summary judgment and specifically, the trial court's finding that the Sunshine Law does not apply to entities not created by statute. We reverse, finding a BLT to be a "public body" subject to the Sunshine Law and, therefore, Weissfeld, not the district, was entitled to summary judgment.

In June 1991, the board approved a collective bargaining agreement that allowed individual schools to form BLTs, a form of site-based management. When a BLT is created, the teachers and principal share in the decisionmaking at the building level. The BLT is governed by a one-person, one-vote principle.

Weissfeld, whose children attend school in the district, was denied access to a BLT meeting. Weissfeld filed suit against the district and the board (collectively "appellees"), arguing that the closed meetings violated Ohio's Sunshine Law and asking the trial court to order that all future BLT meetings be open. Both Weissfeld and appellees moved for summary judgment. The trial court granted summary judgment in favor of appellees, finding that a BLT does not qualify as a public body requiring open meetings. Weissfeld appeals asserting three assignments of error.

## Assignments of Error

"I. The trial court erred by denying the plaintiff's motion for summary judgment.

"II. The trial court erred by granting the defendants' motion for summary judgment.

"III. The trial court erred by ruling that the Sunshine Law applies only to public bodies that were created by statute."

As the assignments of error are interrelated, we will discuss them together. Summary judgment is proper when (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to only one conclusion and that conclusion is adverse to the nonmoving party. *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 471–472, 364 N.E.2d 267, 273–274.

Weissfeld and appellees stipulated that Weissfeld was excluded from a BLT meeting and that BLT meetings do not fit under any of the exceptions to the Sunshine Law. Thus, no genuine issues of material fact remained to be litigated between the parties. The legal issue presented by the cross-motions for summary judgment is whether Ohio's Sunshine Law applies to meetings of a BLT.

Ohio's Sunshine Law provides in pertinent part as follows:

"(A) This section shall be liberally construed to require public officials to take official action and to conduct all deliberations upon official business only in open meetings, unless the subject matter is specifically excepted by law.

"(B) As used in this section:

"(1) 'Public body' means * * *:

"(a) Any * * * legislative authority or board, commission, committee, agency, authority, or similar decision-making body of any * * * school district[.]

" * * * *

"(C) All meetings of any public body are declared to be public meetings open to the public at all times." R.C. 121.22.

Weissfeld contends that according to the foregoing provisions, appellees are required to open BLT meetings to the public. The trial court found that BLTs are decisionmaking bodies. The trial court, however, concluded that even though BLTs may fit within the definition of "public body" set out in the Sunshine Law, the legislature intended for the law to apply only to bodies created by legislative action, not those created by contract. The court relied on the language of section (A) of R.C. 121.22 that states: "This section shall be liberally construed to require *public officials* to take *official action* * * * upon *official business* only in open meetings." (Emphasis added). It inferred from such language that a BLT meeting need not be open.

We do not find that the use of the terms underlined above undercuts the broad definition in section (B) of "public body," particularly since section (A) begins with the phrase, "[t]his section shall be liberally construed." Neither party to this action disputes that a BLT is a decisionmaking body of the district which meets the definition of a "public body" and, therefore, requires open meetings. Given that the legislature chose the definition that it has for "public body," coupled with an instruction to construe liberally, we find that the court should have granted Weissfeld's motion for summary judgment. In this case, the board expressly allowed for the creation of decisionmaking committees at the building level when it agreed to the BLT provisions in the collective bargaining agreement, and these decisionmaking committees fit within the definition of "public body" under R.C. 121.22(B).

Viewing the evidence most strongly in appellees' favor, we find that the Sunshine Law encompasses the decisionmaking bodies of the district known as BLTs and, accordingly, BLTs must be open to the public. The assignments of error are well taken and the judgment of the trial court is reversed and remanded for proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

QUILLIN, P.J., and DICKINSON, J., concur.