**[Cite as *Lakemore v. Schell*, 2020-Ohio-4453.]**

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

VILLAGE OF LAKEMORE

    Appellee

    v.

ERIC SCHELL

    Appellant

C.A. No.      29387

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV-2018-04-1515

DECISION AND JOURNAL ENTRY

Dated: September 16, 2020

CARR, Presiding Judge.

{¶1} Appellant, Eric Schell, appeals the judgment of the Summit County Court of Common Pleas. This Court affirms.

I.

{¶2} Mr. Schell and the Village of Lakemore have been engaged in a long-standing dispute of over seven years regarding the construction of a garage on Mr. Schell's property. This Court briefly addressed the litigation history between the parties in a previous appeal from Case. No. CV-2012-05-2561 in the Summit County Court of Common Pleas. *Lakemore v. Schell*, 9th Dist. Summit No. 29075, 2019-Ohio-5097, ¶ 2-5.

{¶3} On April 3, 2018, Lakemore filed a separate complaint against Mr. Schell asking for a declaration that Mr. Schell was in violation of the Lakemore zoning code and that he was engaging in actions on his property that constituted a public nuisance. Lakemore sought an injunction enjoining Mr. Schell from continuing to use his property in a manner that violated the

zoning code. Mr. Schell moved to dismiss the complaint pursuant to Civ.R. 12(B)(6), arguing that Lakemore did not allege sufficient facts related to violations of the zoning code.

{¶4} Lakemore filed an amended complaint seeking declaratory judgment, injunctive relief, and nuisance abatement. Therein, Lakemore alleged that Mr. Schell was using his property to operate a vehicle repair and restoration business despite the fact that his property was situated in a residentially zoned district. Lakemore alleged numerous additional violations of the zoning code, including the storage of recreation vehicles on the property, the storage of junk and debris on the property, and the erection and maintenance of fencing and special event signage on the property without first obtaining the required permits. Lakemore alleged that Mr. Schell had refused to comply with notices from the zoning inspector to cease these practices. On the same day that Lakemore filed its amended complaint, Lakemore filed a separate memorandum arguing that the motion to dismiss was rendered moot by the amended complaint. The trial court ultimately denied the motion to dismiss.

{¶5} Mr. Schell filed an answer generally denying the claims in the amended complaint and setting forth several counterclaims. In addition to setting forth a counterclaim for abuse of process against Lakemore, Mr. Schell asked the trial court to issue a writ of mandamus ordering Lakemore to issue a building permit that would allow him to construct the garage on his property. Lakemore filed an answer denying the allegations raised in the counterclaims and further contending that Mr. Schell was precluded from raising the issues set forth in his counterclaims.

{¶6} On December 4, 2018, Lakemore filed a motion for judgment on the pleadings with respect to Mr. Schell's counterclaims. Lakemore argued that Mr. Schell could not satisfy the requirements for a writ of mandamus as a matter of law. With respect to the counterclaim alleging abuse of process, Lakemore argued that it was immune from liability as a political subdivision

and, further, that Mr. Schell's claim was barred by the statute of limitations. The trial court issued a journal entry requiring Mr. Schell to file a responsive brief by January 28, 2019. Mr. Schell did not file a responsive brief by that date. On February 28, 2019, the lawyers representing Mr. Schell filed a motion to withdraw on the basis that Mr. Schell had not complied with the terms of their written representation agreement. The trial court granted the motion.

{¶7} On March 28, 2019, the trial court issued a journal entry granting Lakemore's motion for judgment on the pleadings with respect to Mr. Schell's counterclaims. The journal entry included language indicating that there was no just cause for delay.

{¶8} Mr. Schell filed a timely notice of appeal and raises one assignment of error.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED IN GRANTING LAKEMORE'S MOTION FOR JUDGMENT ON THE PLEADINGS[.]

{¶9} In his sole assignment of error, Mr. Schell contends that the trial court erred when it granted Lakemore's motion for judgment on the pleadings. This Court disagrees.

{¶10} A trial court's order granting a motion to dismiss filed under Civ.R. 12(C) is reviewed under a de novo standard. *Hall v. Crystal Clinic, Inc.*, 9th Dist. Summit No. 28524, 2017-Ohio-8471, ¶ 5. "When reviewing a matter de novo, this [C]ourt does not give deference to the trial court's decision." *Blue Heron Nurseries, L.L.C. v. Funk*, 186 Ohio App.3d 769, 2010-Ohio-876, ¶ 5 (9th Dist.).

{¶11} Civ.R. 12(C) provides that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." "Under Civ.R. 12(C), dismissal is appropriate where a court (1) construes the material allegations in the complaint, with all reasonable inferences to be drawn therefrom, in favor of the nonmoving party as true, and (2)

finds beyond doubt, that the plaintiff could prove no set of facts in support of his claim that would entitle him to relief." *State ex rel. Midwest Pride IV, Inc. v. Pontious*, 75 Ohio St.3d 565, 570 (1996), citing *Lin v. Gatehouse Constr. Co.*, 84 Ohio App.3d 96, 99 (8th Dist.1992).

{¶12} "Civ.R. 12(C) clearly confines the trial court's analysis to the material allegations set forth in the pleadings and any [written instrument] attach[ed] thereto, which the trial court must accept as true." *Business Data Sys., Inc. v. Figetakis*, 9th Dist. Summit No. 22783, 2006-Ohio-1036, ¶ 10. This Court has held that while a written instrument attached to a complaint or answer qualifies as part of the pleadings, not every document attached to the pleadings qualifies as a written instrument under Civ.R. 10(C). *Evanston Ins. Co. v. Procentury Ins. Co.*, 9th Dist. Lorain No. 18CA011438, 2019-Ohio-4214, ¶ 15. The term written instrument, as stated in Civ.R. 10(C), is limited to documents that evidence the parties' rights and obligations, such as a contract. *Id.*; *see also Green Tree Servicing, L.L.C. v. Olds*, 9th Dist. Summit No. 27297, 2015-Ohio-3214, ¶ 22 (holding that a trial court may not consider evidence that goes beyond the scope of the pleadings in ruling on a motion filed pursuant to Civ.R. 12(C)).

{¶13} At the outset of our discussion, we note that Mr. Schell has conceded on appeal that the trial court properly granted the motion for judgment on the pleadings as to his counterclaim for abuse of process because Lakemore is immune from liability due to its status as a political subdivision. Mr. Schell stresses that the scope of his concession does not extend to the issue of whether any of Lakemore's individual employees are immune from liability, as it is his position that a third-party complaint against individual employees would not be barred on remand. This Court takes no position on the merits of any future filings in this matter.

{¶14} With respect to his counterclaim for a writ of mandamus, Mr. Schell contends that he alleged facts sufficient to survive Lakemore's motion for judgment on the pleadings. Mr. Schell

argues that Lakemore has repeatedly denied him the building permit to construct the garage on his property even though he has satisfied all the legal requirements for obtaining such a permit. Mr. Schell asserts that Lakemore's refusal to issue the permit has been an ongoing source of conflict between the parties and that there is no other adequate remedy at law.

{¶15} In setting forth his counterclaim below, Mr. Schell alleged that he and the Mayor of Lakemore had a falling out over a professional disagreement years ago. Mr. Schell further alleged that, in light of his personal dispute with the Mayor, Lakemore has consistently denied his applications for a building permit to construct a garage on his property. Based on his central allegation that the denials of his applications were "politically motivated and serve[d] no useful purpose[,]" Mr. Schell asked the trial court to issue writ of mandamus ordering Lakemore to issue the building permit.

{¶16} In answering the counterclaim, Lakemore generally denied Mr. Schell's allegations and raised several affirmative defenses. Lakemore maintained that Mr. Schell was barred from raising the issue under a number of legal doctrines, including the doctrine of res judicata. Lakemore alleged that the parties had reached a settlement agreement during their prior litigation where it was agreed that Mr. Schell had one year from August 4, 2017 to construct a garage of no more than 500 square feet on his property. Lakemore further alleged that it had no legal duty to issue a permit given that Mr. Schell had already secured a right to construct the garage pursuant to the settlement agreement. Lakemore attached multiple journal entries from the prior litigation to its answer, including the trial court's order adopting the settlement agreement. Lakemore also attached the transcript from the settlement conference where the terms of the settlement were stated on the record.

{¶17} Under these circumstances, we cannot say that the trial court erred in granting Lakemore's motion for judgment on the pleadings. In answering Mr. Schell's counterclaim for a writ of mandamus, Lakemore attached and incorporated a settlement agreement from Case. No. CV-2012-05-2561 that governed the construction of the garage on Mr. Schell's property. The parties' settlement agreement addressed the process for obtaining the permits required to complete that project. The trial court's order adopting and incorporating the settlement agreement provided that the trial court would retain continuing jurisdiction solely for the purpose of enforcing the terms of the settlement agreement. Accordingly, as any issues relating to securing permits to construct the garage were settled in the parties' prior litigation and fall outside the scope of the instant matter, the trial court properly granted Lakemore's motion for judgment on the pleadings.

{¶18} Mr. Schell's assignment of error is overruled

III.

{¶19} Mr. Schell's sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to

mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
DONNA J. CARR
FOR THE COURT

SCHAFER, J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

ALAN M. MEDVICK, Attorney at Law, for Appellant.

JOHN D. LATCHNEY, Attorney at Law, for Appellee.