[Cite as *State ex rel. Maynard v. Medina Cty. Facilities Taskforce Subcommittee*, 2020-Ohio-5561.]

**IN THE COURT OF APPEALS OF OHIO**
**NINTH APPELLATE DISTRICT**
**MEDINA COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO, EX REL. DEAN F. MAYNARD | : | |
| | : | |
| | : | Appellate Case No. 19CA0083-M |
| Relator-Appellant | : | |
| | : | Trial Court Case No. 19CIV0741 |
| v. | : | |
| | : | (Civil Appeal from |
| MEDINA COUNTY FACILITIES | : | Common Pleas Court) |
| TASKFORCE SUBCOMMITTEE, et al. | : | |
| | : | |
| Respondents-Appellees | | |

. . . . . . . . . . .

O P I N I O N

Rendered on the ___7th___ day of __December__ , __2020_____ .

. . . . . . . . . .

PATRICIA F. LOWERY, Atty. Reg. No. 0042561, 50 Gunnison Court, Medina, Ohio 44256
      Attorney for Relator-Appellant

GREGORY A. BECK, Atty. Reg. No. 0018260, 400 South Main Street, North Canton, Ohio 44720
      Attorney for Respondents-Appellees, Judge Gary Werner; Co-counsel for Judge Kevin Dunn

MARK LANDES, Atty. Reg. No. 0027227 and MATTHEW R. AUMANN, Atty. Reg. No. 0093612, Two Miranova Place, Suite 700, Columbus, Ohio 43215
      Attorneys for Respondents-Appellees, Medina County Facilities Taskforce Subcommittee, Colleen Swedyk, William Hutson, Scott Miller, Steven Bastean; Co-counsel for Judge Kevin Dunn

. . . . . . . . . . . .

TUCKER, J.

{¶ 1} Relator-appellant, Dean F. Maynard, appeals from the trial court's judgment of November 6, 2019, in which the court entered judgment under Civ.R. 12(C) in favor of Respondents-appellees, the Medina County Facilities Taskforce Subcommittee (the "Subcommittee"); Colleen Swedyk, a member of the Medina County Board of Commissioners; Judge Kevin Dunn; Judge Gary Werner; Scott Miller, Medina County Administrator; Steven Bastean, Medina County Maintenance Superintendent; and William Hutson, a member of the Medina County Board of Commissioners. Raising four assignments of error, Maynard argues that the trial court erred by ruling on genuinely disputed issues of material fact; by relying on evidence outside the record for purposes of Civ.R. 12(C); by determining that Respondents were exempt as a matter of law from the requirements of R.C. 121.22; and by ordering him to pay court costs in excess of those authorized by R.C. 2303.23 and 2303.201.

{¶ 2} We hold that that the trial court erred by entering judgment in favor of Respondents because the allegations in the complaint, construed as true pursuant to Civ.R. 12(C), suffice to state a claim on which relief under R.C. 121.22 could be granted. Therefore, the trial court's judgment of November 6, 2019, is reversed, and the case is remanded to the trial court for further proceedings consistent with this opinion.

## I. Facts and Procedural History

{¶ 3} Maynard alleges that the Medina County Board of Commissioners formed the "Medina County Facilities Taskforce [to serve] as the decision-making and investigative public body" overseeing a planned renovation of the courthouse presently

occupied by the Medina County Court of Common Pleas.   *See* Complaint ¶ 3 and 6; *see also* Brief of the Subcommittee, Swedyk, Hutson, Miller, Bastean and Judge Dunn 1-2 [*hereinafter* Subcommittee's Brief]; Brief of Judge Werner 1.   The commissioners and their counterparts with the City of Medina intend for the renovated facility to accommodate the Medina County Court of Common Pleas and the Medina Municipal Court.   *See* Subcommittee's Brief 1; Judge Werner's Brief 1.

{¶ 4} On March 27, 2018, "key leaders from [the Medina County Board of Commissioners and the City of Medina, including all of the respondents other than Hutson,] volunteered" for service on the Subcommittee.   Subcommittee's Brief 2; *see* Complaint ¶ 7-8.   The purpose of the Subcommittee was "to assist the '[Medina County] Facilities Taskforce' [with the] select[ion] [of an] architect[ural]" firm to complete "a [s]pace [s]tudy" and then to design the new facility.   *See* Subcommittee's Brief 2; *see also* Complaint ¶ 6-7; Judge Werner's Brief 1.

{¶ 5} On July 30, 2019, Maynard filed a complaint against Respondents in which he alleged that "[o]n at least five occasions," Respondents violated R.C. 121.22 by meeting "without public advertisement, without making [the] meetings [open] to the public, and without keeping [the] minutes of said meetings."   Complaint ¶ 46.   Maynard alleged further that on each occasion, "Respondents discussed public business and made * * * decisions regarding public business."   *Id.* at ¶ 47.   Maynard attached no exhibits to his complaint.

{¶ 6} Respondents filed answers to the complaint on September 27, 2019.   One of these, filed by all of the respondents other than Judge Werner, included a series of 13 exhibits; Judge Werner did not attach any exhibits to his answer.   The respondents other

than Judge Werner filed a motion for judgment on the pleadings at the same time as they filed their answer, and Judge Werner later filed his own motion for judgment on the pleadings on October 10, 2019.

{¶ 7} On November 6, 2019, the trial court sustained Respondents' motions. Journal Entry with Instructions for Service 3, Nov. 6, 2019 [*hereinafter* Judgment Entry]. The court reasoned that, under the circumstances, the Subcommittee is not a "public body" as defined by R.C. 121.22 because the statute defines a "public body [as] a 'decision-making' body," and pursuant to R.C. 153.69, "a county" is the sole decision-making body for purposes of selecting a "professional design" firm to complete "additions, alternations, or structural or other improvements" to "any building or structure * * * use[d] [by] the state or any institution supported in whole or in part by the state." *See id.*; *see also* R.C. 153.01(A) and 153.69. As a result, the court held that the " 'Subcommittee,' including its members, is non sui juris," requiring that "[Maynard]'s claims * * * be dismissed." Judgment Entry 3. Maynard timely filed a notice of appeal on November 27, 2019.

## II. Analysis

{¶ 8} Maynard presents two related but conceptually distinct propositions bearing the label "first assignment of error." Relator's Brief 1 and 5. In the first, Maynard posits that:

> THE TRIAL COURT ERRED BY GRANTING APPELLEES'
> MOTION[S] FOR JUDGMENT ON THE PLEADINGS WHERE THE
> PLEADING [sic] ALLEGES OPEN MEETINGS ACT VIOLATIONS AND
> THE APPELLEES ACKNOWLEDGE A MEETING OCCURRED BUT THE

PARTIES DISPUTE THE NATURE AND CONTENT OF THOSE MEETINGS AND DISCUSSIONS.

*Id.* at 1. And in the second, Maynard posits that:

THE TRIAL COURT ERRED IN RELYING ON FACTS OUTSIDE OF THE PLEADINGS AND DISPUTED BY THE PARTIES IN GRANTING DEFENDANTS' MOTIONS FOR JUDGMENT ON THE PLEADINGS AND DISMISSING PLAINTIFF'S COMPLAINT.

*Id.* at 5. Because these propositions are related, we review them together as Maynard's first and second assignments of error.

{¶ 9} Maynard argues that the "[t]rial [c]ourt erred in dismissing [his] [c]omplaint without any discovery at all, particularly [because] the information before the [c]ourt clearly evidenced at least one violation of R.C. § 121.22." Relator's Brief 10. Although Maynard's argument is inapposite, we hold that the trial court erred by considering evidence outside the record.

{¶ 10} Civ. R. 12(C) provides that "after the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Under the rule, entry of judgment in favor of the moving party "is appropriate where a court (1) construes the material allegations in the complaint, with all reasonable inferences to be drawn therefrom, in favor of the nonmoving party as true," and (2) finds "beyond doubt" that the nonmoving party "could prove no set of facts in support of [its] claim [or claims] that would entitle [it] to relief." (Citation omitted.) *State ex rel. Midwest Pride IV, Inc. v. Pontious*, 75 Ohio St.3d 565, 570, 664 N.E.2d 931 (1996); *Lakemore v. Schell*, 9th Dist. Summit No. 29387, 2020-Ohio-4453, ¶ 11, citing *Pontious* at 570. Judgment pursuant

to Civ.R. 12(C), in other words, "may be granted only when no material factual issues exist, and the movant is entitled to * * * judgment as a matter of law." (Citations omitted). *Burnside v. Leimbach*, 71 Ohio App.3d 399, 403, 594 N.E.2d 60 (10th Dist.1991); *see also State ex rel. Wengerd v. Baughman Twp. Bd. of Trustees*, 9th Dist. Wayne No. 13 CA 0048, 2014-Oho-4749, ¶ 14. Thus, a motion for judgment on the pleadings can be "characterized as a belated Civ.R. 12(B)(6) motion for failure to state a claim upon which relief can be granted," given that the purpose of such a motion is to resolve questions of law, rather than questions of fact. *Whaley v. Franklin Cty. Bd. of Commrs.*, 92 Ohio St.3d 574, 581, 752 N.E.2d 267 (2001); *Pontious* at 570.

{¶ 11} The record for purposes of a motion under Civ.R. 12(C) "is restricted solely to the allegations in the pleadings," along with "documents attached and incorporated into [the] pleadings." *Riolo v. Oakwood Plaza Ltd. Partnership*, 9th Dist. Lorain No. 04 CA 008555, 2005-Ohio-2150, ¶ 6; *see also* Civ.R. 10(C) (stating that a "copy of any written instrument attached to a pleading is a part of the pleading for all purposes"). Not every "document attached to a pleading constitutes a Civ.R. 10(C) written instrument," however; the " 'term "written instrument" in Civ.R. 10(C) has primarily been interpreted to include documents that evidence the parties' rights and obligations,' " such as negotiable instruments, leases, insurance policies, deeds and contracts. *State ex rel. Leneghan v. Husted*, 154 Ohio St.3d 60, 2018-Ohio-3361, 110 N.E.3d 1275, ¶ 17, quoting *Inskeep v. Burton*, 2d Dist. Champaign No. 2007-CA-11, 2008-Ohio-1982, ¶ 17; *Greer v. Finest Auto Wholesale, Inc.*, 2020-Ohio-3951, ___ N.E.3d ___, ¶ 16 (9th Dist.), citing *Leneghan* at ¶ 17. On appeal, a trial court's ruling on a motion under Civ.R. 12(C) is reviewed de novo. *Greer* at ¶ 16.

{¶ 12} In its judgment of November 6, 2019, the trial court cited two exhibits attached to the motion for judgment on the pleadings filed on September 27, 2019, by the respondents other than Judge Werner. Judgment Entry 2. Relying on these exhibits, the court found that the Subcommittee "was created to review qualifications of the architects and vendors" competing for selection to work on the courthouse renovation project. *See id.* Although the exhibits cited by the court were also attached to the answer filed by the respondents other than Judge Werner on September 27, 2019, none of the exhibits is a "written instrument" under Civ.R. 10(C), and as a result, the exhibits should have been excluded from the record pursuant to Civ.R. 12(C). *Leneghan* at ¶ 17; *Greer* at ¶ 16.

{¶ 13} We hold, then, that the trial court erred by sustaining Respondents' motions for judgment on the pleadings because the court considered evidence which should have been excluded from the record. Exclusively on that basis, Maynard's first and second assignments of error are sustained.

{¶ 14} The third assignment of error in Maynard's brief is presented in two statements that are substantively equivalent but differently worded. Relator's Brief 1 and 10. In the first statement, Maynard contends that:

THE TRIAL COURT ERRED IN GRANTING APPELLEES JUDGMENT ON THE PLEADINGS AND DISMISSING APPELLANT'S COMPLAINT AFTER DETERMINING APPELLEES ARE NOT A FINAL DECISION-MAKING BODY AND THEREFORE NOT SUBJECT TO THE OPEN MEETINGS REQUIREMENTS OF R.C.§ 121.22.

*Id.* at 1. And in the second statement, Maynard contends that:

THE TRIAL COURT ERRED IN DETERMINING THAT THE FACILITIES SUBCOMMITTEE WAS NOT A FINAL DECISION-MAKING BODY AND, THEREFORE, NOT REQUIRED TO COMPLY WITH OHIO OPEN MEETINGS LAW.

*Id.* at 10.

{¶ 15} Maynard argues that the trial court erred as a matter of law by holding that the Subcommittee, "including its members, is non sui juris" because it is not a " 'decision-making body.' " Judgment Entry 2; Relator's Brief 10-11. In its judgment, the trial court reasoned that a "public body" under R.C. 121.22 "is a 'decision-making' body, and for [the] process [of selecting an architectural firm to complete "additions, alternations, or structural or other improvements" to "any building or structure * * * use[d] [by] the state or any institution supported in whole or in part by the state"] pursuant to R.C. 153.69, [the term "decision-making body"] means a county." Judgment Entry 2; R.C. 153.01(A).

{¶ 16} Under R.C. 121.22(C), "[a]ll meetings of any public body are declared to be public meetings open to the public at all times," and the "minutes of a regular or special meeting of any public body shall be promptly prepared, filed, and maintained[,] and shall be open to public inspection." A "public body" is defined by R.C. 121.22(B)(1)(a), in relevant part, as "[a]ny board, commission, committee, council, or similar decision-making body of a state agency, institution, or authority, and any legislative authority or board, commission, committee, council, agency, authority, or similar decision-making body of any county, township, municipal corporation, school district, or other political subdivision or local public institution." In addition, under R.C. 121.22(B)(1)(b), a public body includes "[a]ny committee or subcommittee of a body described in [R.C. 121.22](B)(1)(a)." A

"meeting" is "any prearranged discussion of the public business of [a] public body by a majority of [the body's] members."  R.C. 121.22(B)(2).

{¶ 17} Interpreting the use of the term "public body" in R.C. 121.22, the Ohio Supreme Court observed that a " 'committee' is a 'subordinate group to which a deliberative assembly or other organization refers business for consideration, investigation, oversight, or action,' or 'a body of persons delegated to consider, investigate, or take action upon[,] and usu[ally] to report[,] concerning some matter or business.' "  *State ex rel. Am. Civ. Liberties Union of Ohio, Inc. v. Cuyahoga Cty. Bd. of Commrs.*, 128 Ohio St.3d 256, 2011-Ohio-625, 943 N.E.2d 553, ¶ 43, quoting *Webster's Third New International Dictionary* (1986) 458.  The Ninth District Court of Appeals, likewise interpreting the term "public body," remarked in a 1992 opinion that "a strict reading of R.C. 121.22(B)(1) leads * * * to the conclusion that a committee need not be a decision-making body in order to be a public body" as defined by the statute, and in a 1994 opinion, the district emphasized that the legislature "coupled [the definition of 'public body'] with an instruction to construe [the statute] liberally."  *Weissfeld v. Akron Pub. School Dist.*, 94 Ohio App.3d 455, 457, 640 N.E.2d 1201 (9th Dist.1994); *Thomas v. White*, 85 Ohio App.3d 410, 412, 620 N.E.2d 85 (9th Dist.1992); *see also Berner v. Woods*, 9th Dist. Lorain No. 07 CA 009132, 2007-Ohio-6207, ¶ 13-14.

{¶ 18} The Subcommittee and the individual respondents argue that Maynard's claims against them should be dismissed because they "are non sui juris."  *See* Judge Werner's Brief 10-11; *see also* Subcommittee's Brief 10-11.  They maintain that only a decision-making body could be a "public body" subject to suit under R.C. 121.22.  *See* Judge Werner's Brief 10-11; Subcommittee's Brief 10-11.

{¶ 19} Maynard alleged in his complaint that the "Medina County Facilities Taskforce and [the] [S]ubcommittee <u>are both public bodies</u> subject to the requirements of R.C. § 121.22," describing the Medina County Facilities Taskforce as "a subcommittee of the Medina County [Board of] Commissioners," which was "formed as the decision-making and investigative public body" to oversee the courthouse renovation project. (Emphasis added.)   *See* Complaint ¶ 4 and 6.   The trial court was required to construe these allegations to be true for purposes of Respondents' motions for judgment on the pleadings, and on its face, R.C. 121.22 authorizes suits against public bodies.   R.C. 121.22(B) and (I).   Furthermore, even assuming for sake of analysis that the definition of "public body" in R.C. 121.22(B)(1)(a) applies only to "decision-making bod[ies]," the definition in R.C. 121.22(B)(1)(b) applies to "<u>[a]ny committee or subcommittee</u> of a body described in [R.C. 121.22](B)(1)(a)."   (Emphasis added.)

{¶ 20} Additionally, the trial court erred as a matter of law by holding that, under the circumstances, only the Medina County Board of Commissioners could be subject to suit under R.C. 121.22, because "the Medina County Board of Commissioners is the contracting authority, i.e. the 'decision-making' authority" pursuant to R.C. 153.69.   *See* Judgment Entry 3.   R.C. 153.69 states that "[f]or every professional design services contract, each public authority planning to contract for professional design services shall evaluate the statements of qualifications submitted by processional design firms specifically regarding the project."   Following "this evaluation, the public authority shall," among other things, "[s]elect and rank no fewer than three firms" and "[n]egotiate a contract with the firm ranked most qualified * * *."   R.C. 153.69(A)-(B).   Yet, under R.C. 153.65, the term "[p]ublic authority" as used "in [R.C.] 153.65 to 153.73" is defined as "the

state, a state institution of higher education as defined in [R.C.] 3345.011 * * *, a county, township, municipal corporation, school district, or other political subdivision, or any public agency, authority, board, commission, instrumentality, or special purpose district of the state or of a political subdivision." Thus, the "decision-making body" in the instant case is not necessarily the Medina County Board of Commissioners.

{¶ 21} Even assuming, however, that the Medina County Board of Commissioners is the decision-making "public authority" for purposes of R.C. 153.69, the Subcommittee could still qualify as a "public body" as defined by R.C. 121.22(B)(1). A "public body" subject to suit under R.C. 121.22 need not be a "decision-making body," and based on the allegations in the complaint, Maynard could theoretically prove that the Subcommittee is a "public body" as defined by R.C. 121.22(B)(1)(b). *See* R.C. 121.22(B); *Berner*, 9th Dist. Lorain No. 07 CA 009132, 2007-Ohio-6207, at ¶ 13-14; *Weissfeld,* 94 Ohio App.3d at 457, 640 N.E.2d 1201; *Thomas*, 85 Ohio App.3d at 412, 620 N.E.2d 85. Moreover, because a suit against a person in the person's official capacity as a member of a public body is "effectively * * * a suit against the public body itself," we hold that the individual members of the Subcommittee were properly joined as defendants, even if they are not, strictly speaking, necessary parties. *See Maddox v. Greene Cty. Children Servs. Bd. of Dirs.*, 2014-Ohio-2312, 12 N.E.3d 476, ¶ 14 (2d Dist.).

{¶ 22} For all of the foregoing reasons, we hold that the trial court erred by entering judgment in Respondents' favor pursuant to Civ.R. 12(C). Consequently, Maynard's third assignment of error—as denominated in this opinion—is sustained, and the trial court's judgment of November 6, 2019, is reversed.

{¶ 23} For his final assignment of error, Maynard contends that:

THE TRIAL COURT ERRED BY ORDERING COURT COSTS TO BE PAID BY APPELLANT, DEAN MAYNARD[,] WHERE A PORTION OF THOSE COSTS RELATED TO THE "COMPUTERIZATION FEE" FAR EXCEED[S] THE AMOUNT STATUTORILY PERMITTED TO BE ASSESSED.

{¶ 24} Maynard argues that the trial court erred by ordering him to pay costs in excess of those authorized by R.C. 2303.20 and 2303.201. Relator's Brief 12-16. This assignment of error is overruled as moot as a result of the reversal of the trial court's judgment.

### III. Conclusion

{¶ 25} Construing the material allegations in the complaint to be true, and drawing all reasonable inferences from the balance of the Civ.R. 12(C) record in Maynard's favor, Respondents did not meet their burden to demonstrate that Maynard could not prove any set of facts establishing his right to relief on the claims he set forth in his complaint. The trial court, in addition, erred in its determination that the Subcommittee and its members are not amenable to suit because they are not sui juris parties.

{¶ 26} Nevertheless, we do not find that Maynard has proven that the Subcommittee is a "public body," as the term is defined by R.C. 121.22(B)(1). Instead, we find only that the trial court considered evidence which should have been excluded from the record and that the court did not construe the allegations made by Maynard in his complaint to be true, as the court was required to do pursuant to Civ.R. 12(C). We hold, therefore, that the trial court erred by sustaining Respondents' motions for judgment on the pleadings. The trial court's judgment of November 6, 2019, is reversed, and the

case is remanded to the court for further proceedings consistent with this opinion.

. . . . . . . . . . . . .

HALL, J. and WELBAUM, J., concur.

(Hon. Michael L. Tucker, Hon. Michael T. Hall, and Hon. Jeffrey M. Welbaum, Second District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.)

Copies sent to:

Patricia F. Lowery
Gregory A. Beck
Mark Landes
Matthew R. Aumann
Hon. Richard J. McMonagle, Sitting by Assignment