[Cite as *State ex rel. Maynard v. Medina Courthouse Steering Commt.*, 2020-Ohio-5562.]

**IN THE COURT OF APPEALS OF OHIO
NINTH APPELLATE DISTRICT
MEDINA COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO, EX REL. DEAN F. MAYNARD | : | |
| | : | |
| | : | Appellate Case No. 19CA0082-M |
| Relator-Appellant | : | |
| | : | Trial Court Case No. 19CIV0729 |
| v. | : | |
| | : | (Civil Appeal from |
| MEDINA COURTHOUSE STEERING COMMITTEE, et al. | : | Common Pleas Court) |
| | : | |
| Respondents-Appellees | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the __7th___ day of _December___, _2020____.

. . . . . . . . . .

PATRICIA F. LOWERY, Atty. Reg. No. 0042561, 50 Gunnison Court, Medina, Ohio 44256
    Attorney for Relator-Appellant

GREGORY A. BECK, Atty. Reg. No. 0018260, 400 South Main Street, North Canton, Ohio 44720
    Attorney for Respondent-Appellee, Judge Gary Werner

GREGORY A. HUBER, Atty. Reg. No. 0013857, 600 East Smith Road, Medina, Ohio 44256
    Attorney for Respondents-Appellees, Dennis Hanwell and John Coyne, III, Esq.

MARK LANDES, Atty. Reg. No. 0027227 and MATTHEW R. AUMANN, Atty. Reg. No. 0093612, Two Miranova Place, Suite 700, Columbus, Ohio 43215

Attorneys for Respondents-Appellees, Medina Courthouse Steering Committee, William Hutson, Scott Miller, Steven Bastean, and Judge Kevin Dunn

. . . . . . . . . . . . .

TUCKER, J.

{¶ 1} Relator-appellant, Dean F. Maynard, appeals from the trial court's judgment of November 4, 2019, in which the court entered judgment under Civ.R. 12(C) in favor of Respondents-appellees, the Medina Courthouse Steering Committee (the "Steering Committee"); William Hutson, a member of the Medina County Board of Commissioners; Judge Kevin Dunn of the Medina County Probate Court and Juvenile Court; Judge Gary Werner of the Medina Municipal Court; Scott Miller, Medina County Administrator; Dennis Hanwell, Mayor of the City of Medina; John Coyne, III, President of the Medina City Council; and Steven Bastean, Medina County Maintenance Superintendent. Raising four assignments of error, Maynard argues that the trial court's judgment should be reversed because the court entered findings of fact that were not supported by the record; because the court erred by determining that the Medina Courthouse Steering Committee was improperly joined as a defendant; because the court erred by determining that the individual members of the committee were improperly joined as defendants; and because the court erred by ordering him to pay court costs in excess of those authorized by R.C. 2303.20 and 2303.201.

{¶ 2} We hold that that the trial court erred by entering judgment in favor of Respondents because the allegations in the complaint, construed as true pursuant to Civ.R. 12(C), suffice to state a claim on which relief under R.C. 121.22 could be granted. Therefore, the trial court's judgment of November 4, 2019, is reversed, and the case is remanded to the trial court for further proceedings consistent with this opinion.

## I. Facts and Procedural History

{¶ 3} According to Respondents, Brandstetter Carroll, Inc. ("BCI") is "a group of architects, engineers, and planners with significant experience building [and] renovating courthouses." Brief of Medina Courthouse Steering Committee, William Hutson, Scott Miller, Steven Bastean and Judge Dunn 2 [*hereinafter* Steering Committee's Brief]; Brief of Dennis Hanwell and John Coyne, III 1; Brief of Judge Werner 1. Respondents indicate that "BCI was hired to create a proposed renovation" of the courthouse presently occupied by the Medina County Court of Common Pleas.[1] Steering Committee's Brief 2; Brief of Dennis Hanwell and John Coyne, III 1; Brief of Judge Werner 1. The renovated facility will accommodate the common pleas court as well as the Medina Municipal Court. Steering Committee's Brief 2; Brief of Dennis Hanwell and John Coyne, III 1; Brief of Judge Werner 1.

{¶ 4} According to Maynard, the instant "action involves the meetings of the 'Steering Committee[,]' which was created by Medina County and [the City of] Medina * * * in order to control and make decisions, [sic] regarding the design and construction process." Relator's Brief 4. Maynard claims that all or some of the respondents violated R.C. 121.22 by attending at least two meetings requested by BCI that were "private and prearranged without notification to the public," and by failing to prepare minutes of the meetings. *See id.* at 5-6.

{¶ 5} On July 25, 2019, Maynard filed a complaint against Respondents in which

---

[1] Neither Relator nor Respondents identify the agency or unit of government that hired BCI. Relator's Brief 3-6; Steering Committee's Brief 1-2; Brief of Dennis Hanwell and John Coyne, III 1-2; Brief of Judge Werner 1-2.

he requested: (1) "a declaratory judgment that the * * * Steering Committee" and the individual respondents "violated or threatened to violate [R.C. 121.22] by failing to * * * announce meetings [about] public business, [by] failing to allow public access to said meetings and [by] failing to promptly prepare, file and maintain minutes of [said] meetings"; (2) "an injunction compelling the * * * Steering Committee and [the individual respondents] to promptly prepare, file, and maintain minutes of its [sic] meetings, * * *, and to make the same available for public inspection"; (3) "an injunction providing appropriate notice to [the individual] [r]espondents that * * * any violation of the [foregoing] injunction could result in [their] removal from their public offices"; (4) an order "invalid[ating] any resolution, rule or determination of any kind that was the result of the private meetings for which no minutes were created, * * * including the determination of square footage requirements and other design and budget determinations"; and (5) that he be "award[ed] * * * a civil forfeiture of [$500.00] for each distinct violation of [R.C. 121.22], as well as an award of all costs and reasonable attorney's fee[s]." *See* Complaint ¶ a-e. Maynard attached no exhibits to his complaint.

{¶ 6} Respondents filed answers to the complaint on September 20, 23 and 27, 2019. The answer of September 20th, filed by Hanwell and Coyne, and the answer of September 23rd, filed by Judge Werner, included no exhibits, but five exhibits were attached to the answer of September 27th, which was filed by the Steering Committee, Hutson, Miller, Bastean and Judge Dunn. In motions filed on September 27, October 4 and October 10, 2019, Respondents requested judgment on the pleadings pursuant to Civ.R. 12(C).

{¶ 7} On November 4, 2019, the trial court sustained Respondents' motions.

Journal Entry with Instructions for Service 2, Nov. 4, 2019 [*hereinafter* Judgment Entry]. The court found that "[o]n or about May 28, 2019, BCI created the Steering Committee," and observing that a "group of public employees organized by a private group is not a public body subject to [R.C. 121.22]," it held that because "the Steering Committee is not a public body," Maynard "failed to allege any claims against [Respondents] upon which relief [could] be granted." *Id.* In the alternative, the court reasoned that Maynard's claims should be dismissed because the "Steering Committee, including [the committee's] members, is non sui juris." *Id.* Maynard timely filed a notice of appeal on November 27, 2019.

## II. Analysis

{¶ 8} For his first assignment of error, Maynard contends that:

THE TRIAL COURT ERRED IN RELYING ON FACTS OUTSIDE OF THE PLEADINGS AND DISPUTED BY THE PARTIES IN GRANTING DEFENDANTS['] MOTION FOR JUDGMENT ON THE PLEADINGS AND DISMISSING PLAINTIFF'S COMPLAINT.

{¶ 9} Despite his assertion that the trial court improperly relied on facts outside the pleadings, Maynard actually argues in his first assignment of error that the court erred by finding that BCI created the Steering Committee, which he insists "is an unsupported factual conclusion" that "cannot be reasonably inferred from the pleadings and the public records provided." Relator's Brief 7. He notes that "the vast weight of the public records," which he "submitted to the [t]rial [c]ourt" with his "response to [Respondents]' [m]otions for [j]udgment on the [p]leadings," indicate "that the [S]teering [C]ommittee was a governmental function." *Id.* at 9.

{¶ 10} Civ.R. 12(C) provides that "after the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Under the rule, entry of judgment in favor of the moving party "is appropriate where a court (1) construes the material allegations in the complaint, with all reasonable inferences to be drawn therefrom, in favor of the nonmoving party as true," and (2) finds "beyond doubt" that the nonmoving party "could prove no set of facts in support of [its] claim [or claims] that would entitle [it] to relief." (Citation omitted.) *State ex rel. Midwest Pride IV, Inc. v. Pontious*, 75 Ohio St.3d 565, 570, 664 N.E.2d 931 (1996); *Lakemore v. Schell*, 9th Dist. Summit No. 29387, 2020-Ohio-4453, ¶ 11, citing *Pontious* at 570. Judgment pursuant to Civ.R. 12(C), in other words, "may be granted only when no material factual issues exist, and the movant is entitled to * * * judgment as a matter of law." (Citations omitted). *Burnside v. Leimbach*, 71 Ohio App.3d 399, 403, 594 N.E.2d 60 (10th Dist.1991); *see also State ex rel. Wengerd v. Baughman Twp. Bd. of Trustees*, 9th Dist. Wayne No. 13 CA 0048, 2014-Oho-4749, ¶ 14. Thus, a motion for judgment on the pleadings can be "characterized as a belated Civ.R. 12(B)(6) motion for failure to state a claim upon which relief can be granted," given that the purpose of such a motion is to resolve questions of law, rather than questions of fact. *Whaley v. Franklin Cty. Bd. of Commrs.*, 92 Ohio St.3d 574, 581, 752 N.E.2d 267 (2001); *Pontious* at 570.

{¶ 11} The record for purposes of a motion under Civ.R. 12(C) "is restricted solely to the allegations in the pleadings," along with "documents attached and incorporated into [the] pleadings." *Riolo v. Oakwood Plaza Ltd. Partnership*, 9th Dist. Lorain No. 04 CA 008555, 2005-Ohio-2150, ¶ 6; *see also* Civ.R. 10(C) (stating that a "copy of any written instrument attached to a pleading is a part of the pleading for all purposes"). Not every

"document attached to a pleading constitutes a Civ.R. 10(C) written instrument," however; the " 'term "written instrument" in Civ.R. 10(C) has primarily been interpreted to include documents that evidence the parties' rights and obligations,' " such as negotiable instruments, leases, insurance policies, deeds and contracts. *State ex rel. Leneghan v. Husted*, 154 Ohio St.3d 60, 2018-Ohio-3361, 110 N.E.3d 1275, ¶ 17, quoting *Inskeep v. Burton*, 2d Dist. Champaign No. 2007-CA-11, 2008-Ohio-1982, ¶ 17; *Greer v. Finest Auto Wholesale, Inc.*, 2020-Ohio-3951, ___ N.E.3d ___, ¶ 16 (9th Dist.), citing *Leneghan* at ¶ 17. On appeal, a trial court's ruling on a motion under Civ.R. 12(C) is reviewed de novo. *Greer* at ¶ 16.

{¶ 12} Here, the trial court held that "construing the facts alleged in [Maynard]'s complaint as true, together with all reasonable inferences that may be drawn from these allegations, [Maynard] has failed to [state] any claims against [Respondents] upon which relief may be granted under Ohio law." Judgment Entry 2. In his complaint, Maynard alleged that the Steering Committee "is a public decision-making body * * * controlling a proposed $38 million * * * public works project," making the committee "a public body subject to the requirements" of R.C. 121.22. Complaint ¶ 4 and 6. He alleged further that on June 6, 2019, and again on June 25, 2019, the Steering Committee violated the statute by meeting "in private * * * and discuss[ing] public business without prior advertisement, [and without] recording the proceedings or allowing public access." *Id.* at ¶ 29-30. Respondents denied the allegations.

{¶ 13} Under R.C. 121.22(C), "[a]ll meetings of any public body are declared to be public meetings open to the public at all times," and the "minutes of a regular or special meeting of any public body shall be promptly prepared, filed, and maintained[,] and shall

be open to public inspection."   A "public body" is defined by R.C. 121.22(B)(1)(a), in relevant part, as "[a]ny board, commission, committee, council, or similar decision-making body of a state agency, institution, or authority, and any legislative authority or board, commission, committee, council, agency, authority, or similar decision-making body of any county, township, municipal corporation, school district, or other political subdivision or local public institution."   In addition, under R.C. 121.22(B)(1)(b), a public body includes "[a]ny committee or subcommittee of a body described in [R.C. 121.22](B)(1)(a)."   A "meeting" is "any prearranged discussion of the public business of [a] public body by a majority of [the body's] members."   R.C. 121.22(B)(2).

{¶ 14} The trial court found, without citing any of the pleadings or any attached exhibit, that "[o]n or about May 28, 2019, BCI created the Steering Committee." Judgment Entry 2.   Yet, Maynard alleged specifically that the Steering Committee "is a subcommittee of the Medina County [Board of] Commissioners," making it "a public body subject to the requirements" of R.C. 121.22.[2]   Complaint ¶ 6 and 8.   Construing these allegations to be true, and assuming that Maynard could prove that the Steering Committee's alleged discussions of "public business" on June 6, 2019, and June 25, 2019, were meetings for purposes of R.C. 121.22(B)(2), Maynard could theoretically demonstrate an entitlement to relief pursuant to R.C. 121.22(I).[3]

---

[2] The Steering Committee's brief states that "[i]t is undisputed that the pleadings allege that BCI created the Steering Committee."   Steering Committee's Brief 5.   Although Respondents alleged as much in their answers, the allegation in Maynard's complaint— that the Steering Committee is a subcommittee of the Medina County Board of Commissioners—is incompatible with the statement in the Steering Committee's Brief.

[3] R.C. 121.22(I) allows "[a]ny person [to] bring an action to enforce" the provisions of R.C. 121.22.

{¶ 15} Respondents argue that an email attached as Exhibit 1 to the answer filed by the Steering Committee, Hutson, Miller, Bastean and Judge Dunn "shows that BCI created the Steering Committee, meaning that [the committee is] not a public body." Steering Committee's Brief 4. The exhibit, however, is not a "written instrument" under Civ.R. 10(C), so it was, or should have been, excluded from the record pursuant to Civ.R. 12(C). *Greer,* 2020-Ohio-3951, ___ N.E.3d ___, at ¶ 16.

{¶ 16} As well, Respondents argue that because the Steering Committee merely received information on June 6, 2019, and June 25, 2019, it did not hold a "meeting" as defined by R.C. 121.22(B)(2) on either date. *See* Steering Committee's Brief 7-8; Brief of Dennis Hanwell and John Coyne, III 9-10; Brief of Judge Werner 10-11. Maynard, to the contrary, alleged that the committee "discussed public business" on both occasions, and a discussion is essentially the equivalent of a deliberation. *Wengerd*, 9th Dist. Wayne No. 13 CA 0048, 2014-Ohio-4749, at ¶ 14. Respondents characterize Maynard's allegations as insufficiently specific to state a viable claim for relief, but "[b]ecause Ohio is a notice-pleading state, Ohio law does not generally require a party asserting a claim for relief to plead operative facts with particularity." *Rogers v. Hood*, 9th Dist. Summit No. 24374, 2009-Ohio-5799, ¶ 41; Steering Committee's Brief 9; Brief of Dennis Hanwell and John Coyne, III 9-10; Brief of Judge Werner 10-11.

{¶ 17} For purposes of Respondents' motions for judgment on the pleadings, the record was strictly limited to the allegations set forth by Maynard in his complaint, along with the denials and averments in Respondents' answers. The trial court, furthermore, was required to construe the allegations in the complaint to be true as part of its consideration of Respondents' motions. Construed accordingly, the allegations in the

complaint indicate that the Steering Committee is a public body created by the Medina County Board of Commissioners which met privately on June 6, 2019, and June 25, 2019, in violation of R.C. 121.22.

{¶ 18} We hold that the trial court erred by sustaining Respondents' motions for judgment on the pleadings.   Therefore, Maynard's first assignment of error is sustained, and the trial court's judgment of November 4, 2019, is reversed.

{¶ 19} Because they are interrelated, we review Maynard's second and third assignments of error together.   For his second assignment of error, Maynard contends that:

> THE TRIAL COURT ERRED IN DETERMINING THAT THE DEFENDANTS WERE IMPROPER PARTIES UNDER THE DOCTRINE OF SUI JURIS, WHERE THE STATUTE CLEARLY IDENTIFIES ENTITIES AND INDIVIDUALS SUCH AS DEFENDANTS AS APPROPRIATE PARTIES.

And for his third assignment of error, Maynard contends that:

> THE TRIAL COURT ERRED IN DISMISSING THE INDIVIDUALLY NAMED PARTIES BASED ON *MOLLETTE* [sic], WHERE THAT DECISION HELD THAT MEMBERS OF A PUBLIC BODY COULD BE SUED AS INDIVIDUALS[,] EVEN IF THE PUBLIC BODY ITSELF WAS NOT CAPABLE OF BEING SUED.

{¶ 20} The trial court held that the "Steering Committee, including its members, is non sui juris[,] requiring [that Maynard's] claims * * * be dismissed."   Judgment Entry 2. Maynard argues that the court erred because R.C. 121.22 "authorizes suit[s] against

'public bodies' as defined [by R.C. 121.22(B)(1)(a)-(b)]," and as a result, such suits "do not require additional statutory authorization." Respondent's Brief 15.

{¶ 21} Interpreting the use of the term "public body" in R.C. 121.22, the Ohio Supreme Court observed that a " 'committee' is a 'subordinate group to which a deliberative assembly or other organization refers business for consideration, investigation, oversight, or action,' or 'a body of persons delegated to consider, investigate, or take action upon[,] and usu[ally] to report[,] concerning some matter or business.' " *State ex rel. Am. Civ. Liberties Union of Ohio, Inc. v. Cuyahoga Cty. Bd. of Commrs.*, 128 Ohio St.3d 256, 2011-Ohio-625, 943 N.E.2d 553, ¶ 43, quoting *Webster's Third New International Dictionary* (1986) 458. The Ninth District Court of Appeals, likewise interpreting the term "public body," remarked in a 1992 opinion that "a strict reading of R.C. 121.22(B)(1) leads * * * to the conclusion that a committee need not be a decision-making body in order to be a public body" as defined by the statute, and in a 1994 opinion, the district emphasized that the legislature "coupled [the definition of 'public body'] with an instruction to construe [the statute] liberally." *Weissfeld v. Akron Pub. School Dist.*, 94 Ohio App.3d 455, 457, 640 N.E.2d 1201 (9th Dist.1994); *Thomas v. White*, 85 Ohio App.3d 410, 412, 620 N.E.2d 85 (9th Dist.1992); *see also Berner v. Woods*, 9th Dist. Lorain No. 07 CA 009132, 2007-Ohio-6207, ¶ 13-14.

{¶ 22} Arguing in favor of the trial court's judgment, Respondents argue that the court appropriately relied on a case from the Fourth District Court of Appeals for the proposition that the Steering Committee is not a proper party to the instant action because it is "non sui juris." Steering Committee's Brief 13; Brief of Dennis Hanwell and John Coyne, III 10-11; Brief of Judge Werner 11. In the opinion cited by the trial court, the

Fourth District held that a suit against the Portsmouth City Council under R.C. 121.22 should have been "struck from the [lower court's] docket" because "[t]here is no language in R.C. 121.22 specifically authorizing suits against city councils," and a city council " 'is not sui juris and * * * cannot sue or be sued in its own right, absent statutory authority.' " *Mollette v. Portsmouth City Council*, 169 Ohio App.3d 557, 2006-Ohio-6289, 863 N.E.2d 1092, ¶ 15 and 17 (4th Dist.), quoting *City of Cuyahoga Falls v. Robart*, 58 Ohio St.3d 1, 6, 567 N.E.2d 987 (1991).

{¶ 23} Here, we hold that the trial court erred. The Ninth District Court of Appeals does not appear to have expressly adopted or rejected the reasoning of the Fourth District in *Mollette*. On its face, however, R.C. 121.22 authorizes suits against public bodies, and in the context of Respondents' motions for judgment on the pleadings, the trial court was required to construe as true Maynard's allegation that the Steering Committee is a public body. Moreover, because a suit against a person in the person's official capacity as a member of a public body is "effectively * * * a suit against the public body itself," we hold that the individual members of the Steering Committee were properly joined as defendants, even if they are not, strictly speaking, necessary parties. *See Maddox v. Greene Cty. Children Servs. Bd. of Dirs.*, 2014-Ohio-2312, 12 N.E.3d 476, ¶ 14 (2d Dist.). For the foregoing reasons, and only for the foregoing reasons, Maynard's second and third assignments of error are sustained.

{¶ 24} For his fourth assignment of error, Maynard contends that:

THE TRIAL COURT ERRED IN ORDERING PLAINTIFF TO BE RESPONSIBLE FOR COURT COSTS WHERE THOSE COSTS INCLUDE THE IMPOSITION OF FEES NOT AUTHORIZED BY STATUTE.

{¶ 25} Finally, Maynard argues that the trial court erred by ordering him to pay costs in excess of those authorized by R.C. 2303.20 and 2303.201. Relator's Brief 17-21. This assignment of error is overruled as moot as a result of the resolution of Maynard's first assignment of error and the reversal of the trial court's judgment.

## III. Conclusion

{¶ 26} Construing the material allegations in the complaint to be true, and drawing all reasonable inferences from the balance of the Civ.R. 12(C) record in Maynard's favor, Respondents did not meet their burden to demonstrate that Maynard could not prove any set of facts establishing his right to relief on the claims he set forth in his complaint. The trial court, in addition, erred in its determination that the Steering Committee and its members are not amenable to suit because they are not sui juris parties.

{¶ 27} Nevertheless, we do not find that Maynard has proven that the Steering Committee is a "public body," as the term is defined by R.C. 121.22(B)(1), or that the Steering Committee had a "meeting," as defined by R.C. 121.22(B)(2), on either June 6, 2019, or June 25, 2019. Instead, we find only that the trial court did not construe the allegations made by Maynard in his complaint to be true, as the court was required to do pursuant to Civ.R. 12(C). We hold, therefore, that the trial court erred by sustaining Respondents' motions for judgment on the pleadings. The trial court's judgment of November 4, 2019, is reversed, and the case is remanded to the court for further proceedings consistent with this opinion.

. . . . . . . . . . . . .

HALL, J. and WELBAUM, J., concur.

(Hon. Michael L. Tucker, Hon. Michael T. Hall, and Hon. Jeffrey M. Welbaum, Second District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court

of Ohio.)


Copies sent to:

Patricia F. Lowery
Gregory A. Beck
Gregory A. Huber
Mark Landes
Matthew R. Aumann
Hon. Richard J. McMonagle, Sitting by Assignment